

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2002

# Robinson v. Johnson

Precedential or Non-Precedential: Precedential

Docket No. 00-1979

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Robinson v. Johnson" (2002). *2002 Decisions.* Paper 741.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/741

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed November 18, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1979

ERIC ROBINSON,
        Appellant

v.

PHILIP L. JOHNSON; THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA, MIKE FISHER

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 98-cv-05095)
District Judge: The Hon. Herbert J. Hutton

Argued October 29, 2001

Before: SLOVITER, NYGAARD, and AMBRO,
Circuit Judges.

Sur Panel Rehearing Submitted July 19, 2002

Before: SLOVITER, NYGAARD, and AMBRO, Circuit  Judges

(Filed: November 18, 2002)

Paul Rosenzweig (Argued)
Washington, DC 20002

 Attorney for Appellant



David C. Glebe (Argued)
Office of the District Attorney
Philadelphia, PA 19102

 Attorney for Appellees

OPINION OF THE COURT

SLOVITER, Circuit Judge:

INTRODUCTION

When this appeal originally came before this panel of the
court, we decided that state officials (hereafter"the
Commonwealth"), against whom a habeas corpus
proceeding had been filed, can waive the state's defense of
the statute of limitations that is set forth in the Anti-
Terrorism and Effective Death Penalty Act ("AEDPA"). The

members of the panel were unanimous on that issue. Judge Nygaard authored the opinion of the court, which was filed March 11, 2002. The factual background, and the portion of that earlier opinion reflecting the views of the court on that issue, are incorporated here as Part I with only such changes as are required in light of the different posture of the appeals.

The remainder of the opinion considered the application of waiver under the facts of this case. Judge Nygaard, in the portion of the opinion writing for a majority of the panel, held that the Commonwealth waived its limitations defense. I dissented on the ground that under the procedural background in this case, the Commonwealth had not waived the statute of limitations defense because it had appropriately asserted it in its first relevant pleading (after remand from this court) before the District Court.

The Commonwealth filed a Petition for Rehearing en banc. On April 8, 2002, the court entered an order granting rehearing en banc and vacating the opinion and judgment filed March 11, 2002. Thereafter, on May 8, 2002, the court vacated the April 8 order granting rehearing en banc and remanded the case to the original three-judge panel for panel rehearing.

2

At the direction of the court, Robinson, the appellant, then filed his Answer to the Petition for Rehearing, and the Commonwealth, with the permission of the court, filed its Reply to Robinson's Answer.

The opinion of the court follows, Part I taken from Judge Nygaard's original opinion as explained above, and Parts II and III authored by Judge Sloviter sur rehearing.

I.

Appellant, Eric Robinson, was convicted in a bench trial before the Court of Common Pleas of Philadelphia of first degree murder, conspiracy, theft by unlawful taking, robbery, and possession of an instrument of crime. He was sentenced to life imprisonment for the murder conviction and a concurrent aggregate sentence of twenty to thirty-five years imprisonment on the remaining counts.

Robinson filed a direct appeal in the Pennsylvania Superior Court, which affirmed the judgment. See Commonwealth v. Robinson, 481 A.2d 1376 (Pa. Super. 1984) (table). The Pennsylvania Supreme Court denied Robinson's request for discretionary review. This ended the direct review of Robinson's case.

Robinson then filed a pro se petition for collateral relief under the Pennsylvania Post Conviction Hearing Act ("PCHA"),1 42 Pa. Cons. Stat. Ann. SS 9541 et seq. (1984), alleging ineffective assistance of counsel. The court appointed counsel to represent Robinson, and it

subsequently denied his petition for relief. This denial of collateral relief was affirmed by the Pennsylvania Superior Court. See Commonwealth v. Robinson, 563 A.2d 194 (Pa. Super. 1989) (table). Robinson did not petition for allocatur with the Pennsylvania Supreme Court.

On August 29, 1991, Robinson filed his first federal habeas petition alleging ineffective assistance of trial counsel, insufficiency of evidence, and violation of the

_____

1. The Post Conviction Hearing Act has since been substantially amended and is now titled the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. SS 9541 et seq. (2000).

Fourth Amendment. A Magistrate Judge issued a Report and Recommendation which concluded that Robinson's failure to pursue discretionary review in the Pennsylvania Supreme Court of the ineffective assistance of counsel claim constituted a procedural default. The District Court adopted the Magistrate's Report and Recommendation, concluding that the ineffectiveness claim had been procedurally defaulted. See Order, Robinson v. Vaughn, No. 91-5422 (E.D. Pa. Dec. 17, 1991). Robinson appealed that decision, and we denied Robinson's request for issuance of a certificate of probable cause because of Robinson's failure to exhaust his state remedies. See Order, Robinson v. Vaughn, No. 91-2107 (3d Cir. Apr. 8, 1992). Thus, as to the ineffectiveness claim, Robinson's first federal habeas petition was dismissed so that he could exhaust his remedies in the Commonwealth.

Robinson returned to the Commonwealth courts and filed a second petition under the PCRA, again alleging ineffective assistance of his trial counsel and now also alleging the ineffectiveness of his appellate counsel. This application was denied, and Robinson did not appeal.

Robinson filed a third state application for post-conviction relief. That petition was denied by the Court of Common Pleas. Robinson then appealed to the Pennsylvania Superior Court, which affirmed the denial. See Commonwealth v. Robinson, No. 03093 Phila. 1994, 679 A.2d 257 (Pa. Super. 1996) (table). Robinson petitioned for, and was denied, allocatur by the Pennsylvania Supreme Court. See Commonwealth v. Robinson, 683 A.2d 880 (Pa. 1996) (table).

Robinson filed his second federal habeas petition, which is the one at issue in this appeal, on September 25, 1998, alleging ineffective assistance of counsel as a ground for habeas relief. His petition also reasserts as grounds for habeas relief the insufficiency of the evidence against him and the allegedly unlawful seizure of evidence in violation of the Fourth Amendment.

Robinson's petition was referred to a Magistrate Judge

who ordered a responsive pleading including "specific and detailed answers and a brief or memorandum of law in

support thereof " from the Office of the District Attorney of Philadelphia on November 10, 1998. On January 27, 1999, the District Attorney filed a letter pleading which argued that Robinson's petition should be transferred to the Court of Appeals for the Third Circuit because it was a successive petition. The District Attorney contended that the denial of Robinson's first federal habeas petition in 1991 precluded relief because he had not received permission for a successive petition from this Court as is required by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. SS 2241 et seq. The Magistrate Judge recommended denying Robinson's second federal habeas petition, and on April 26, 1999, the District Court accepted the Magistrate Judge's recommendation and denied the petition.

Robinson appealed that decision, and we ordered the District Attorney to show cause why the order dismissing the petition should not be summarily reversed in light of our decision in Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997), where we held that when a federal habeas petition has been dismissed without prejudice for failure to exhaust state remedies, a petitioner, after exhausting his state remedies, need not apply to the court of appeals for authorization to file a federal habeas action, but may file his petition in the district court as if it were his first such filing. On December 23, 1999, the District Attorney filed a letter brief conceding that Robinson's second federal habeas petition indeed was not successive. The District Attorney did not present any alternative legal grounds for affirming the District Court's conclusion. Thus, we accepted the Commonwealth's concession and summarily reversed and remanded.

On remand, Robinson filed a motion to strike his original petition and for permission to file an amended petition which the Magistrate Judge granted. The District Attorney moved for reconsideration of the order permitting Robinson to amend his petition. Then on March 30, 2000, the District Attorney asserted that Robinson's second federal habeas petition was time-barred by the limitations provision of the AEDPA, 28 U.S.C. S 2244(d). Robinson, in return, argued that the Commonwealth's statute of limitations defense was untimely.

The Magistrate Judge vacated his initial order granting Robinson leave to amend his petition, and instead substituted a Report and Recommendation adopting the District Attorney's argument that Robinson's second federal habeas petition should be dismissed on statute of limitations grounds. In particular, the Magistrate Judge

concluded that (1) Robinson's third state petition had not been "properly filed" because it involved claims subject to a state procedural default rule and did not toll the period of limitations; (2) therefore, Robinson's second federal habeas petition was required to be filed on or before April 23, 1997; (3) alternatively, if the third state habeas petition had been "properly filed," then Robinson's second federal habeas petition should have been filed on or before September 25, 1997; and (4) finally, because Robinson had access to his legal papers for eleven of the twelve months prior to the expiration of the September 1997 limitations period, the period of limitations should not be equitably tolled.

The District Court adopted the Magistrate Judge's Report and Recommendation over Robinson's renewed objection that the Commonwealth had waived its limitations defense and Robinson's further proffer regarding the efforts he had made to acquire his legal papers. Robinson noted a timely appeal, and the District Court granted his request for a certificate of appealability.2 Robinson was granted leave to proceed in forma pauperis, and we appointed counsel to represent him.

A.

Our first question is whether it is even possible for a State to waive its AEDPA limitations defense, an issue which we have not yet specifically addressed. The statute of limitations provision of the AEDPA provides, in pertinent part:

_____

2. Although Robinson moved in the Court of Appeals for a certificate of appealability, it was the District Court which granted the request. This is not a problem since the District Court may grant sua sponte a certificate of appealability. See Dunn v. Colleran, 247 F.3d 450, 456 (3d Cir. 2001).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. S 2244(d)(1)(A). The District Court dismissed Robinson's habeas petition because it was filed beyond this 1-year period of limitation.

The law of this Circuit clearly holds that the limitations provision of the AEDPA is not jurisdictional in nature. See Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). As such, it is subject to equitable modifications such as tolling. Id. (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).

Other courts of appeals (which, like us, do not view the AEDPA limitations period as jurisdictional) have held that a limitations defense may be waived by a State defendant in a habeas proceeding. See, e.g., Green v. United States, 260 F.3d 78, 85 (2d Cir. 2001) (finding that "the government [had] expressly waive[d] its [AEDPA] statute of limitations defense by advocating a remand and 'suggesting' the conditions for that remand"); Saucier v. Warden, N.H. State Prison, 215 F.3d 1312 (table), 2000 WL 739713 (1st Cir. 2000) (unpublished opinion) (finding that government did not waive its AEDPA statute of limitations defense, even though it did not assert the defense in its answer, where the petitioner showed no prejudice; thus implying that government waiver is possible); Scott v. Johnson , 227 F.3d 260 (5th Cir. 2000) (finding that the government did not waive its AEDPA statute of limitations defense, thus implying that government waiver is possible); Samuel v. Duncan, 92 F.3d 1194 (9th Cir. 1996) (table) (unpublished opinion) (AEDPA statute of limitations defense can be waived).

We join these courts of appeals and now hold that because the AEDPA limitations period is subject to equitable modifications such as tolling, it is also subject to

7

other non-jurisdictional, equitable considerations, such as waiver.

B.

Parties are generally required to assert affirmative defenses early in litigation, so they may be ruled upon, prejudice may be avoided, and judicial resources may be conserved. Habeas proceedings are no exception. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules") makes the Federal Rules of Civil Procedure applicable to habeas petitions to the extent they are not inconsistent with the Habeas Rules. Federal Rule of Civil Procedure 8(c) requires that a defendant plead an affirmative defense, such as a statute of limitations defense, in his answer. Rule 8(c) states:

> Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . . and any other matter constituting an avoidance or affirmative defense.

Fed. R. Civ. P. 8(c).

The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed. See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971); see also Williams

v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995) ("The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued."); Grant v. Preferred Research, Inc. , 885 F.2d 795, 797 (11th Cir. 1989) ("The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it.") (citing Blonder-Tongue); Marino v. Otis Eng'g Corp. , 839 F.2d 1404, 1408 (10th Cir. 1988) ("The purpose behind rule 8(c) . . . [is to] put[ ] 'plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance.' ") (citations omitted); Perez v. United States, 830 F.2d 54, 57 (5th Cir. 1987) ("The central purpose of the

Rule 8(c) requirement that affirmative defenses be pled is to prevent unfair surprise. 'A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.' ").

Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer. Rule 12(b) states that "[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . ." The defenses listed in Rule 12(b) do not include limitations defenses. Thus, a limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion. However, the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."3  Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint

---

3. The "Third Circuit Rule" dates back at least to 1948 when we recognized in Hartmann v. Time, Inc., 166 F.2d 127, 139 (3d Cir. 1948), that affirmative defenses are ordinarily pleaded pursuant to Fed. R. Civ. P. 8(c), but that the defense could be raised in other ways. See also Williams v. Murdoch, 330 F.2d 745, 749 (3d Cir. 1964) (affirmative defense of res judicata may be raised by a motion to dismiss or by an answer); Cito v. Bridgewater Twp. Police Dep't , 892 F.2d 23, 25 (3d Cir. 1989) ("When reviewing a Rule 12(b)(6) dismissal on statute of limitations grounds, we must determine whether 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' " (citations omitted)); Davis v. Grusemeyer, 996 F.2d 617, 623 (3d Cir. 1993) (quoting Cito); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994) ("While the language of Fed. R. Civ. P. 8(c) indicates that a statute of limitations defense cannot be used in the context of Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading."); Rycoline Prods., Inc. v. C&W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997) (affirmative

defense must be apparent on the face of the complaint to be subject to a Rule 12(b)(6) motion to dismiss).

under Rule 12(b)(6)." Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

The Commonwealth argues, and we agree, that a limitations defense does not necessarily have to be raised in the answer. But it does not follow that a limitations defense can be raised at any time. Consistent with the purpose of Rule 8(c), courts require that defendants assert a limitations defense as early as reasonably possible. See Davis v. Bryan, 810 F.2d 42 (2d Cir. 1987) ("The statute of limitations is an affirmative defense under Fed. R. Civ. P. 8(c) that must be asserted in a party's responsive pleading 'at the earliest possible moment' and is a personal defense that is waived if not promptly pleaded.") (citations omitted); Banks v. Chesapeake & Potomac Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986); Paetz v. United States, 795 F.2d 1533 (11th Cir. 1986); Hopkins v. Andaya, 958 F.2d 881 (9th Cir. 1992); Day v. Liberty Nat. Life Ins. Co., 122 F.3d 1012, 1015-16 (11th Cir. 1997) (employer waived statute of limitations defense to AEDPA claim by not raising it until after a jury verdict in its motion to alter or amend judgment).

Courts routinely consider the timeliness of a limitations defense. Although some have adhered to the strict language of Rule 8(c), which requires that a limitations defense be raised in the answer, others have considered the stage of the proceedings at which the limitations defense is first raised. For example, the Seventh Circuit in Venters v. City of Delphi, 123 F.3d 956 (7th Cir. 1997), found that the defendants waived their statute of limitations defense when they did not raise it until late in the proceedings. In Venters, the defendants did not include their statute of limitations defense in their answer to the original and amended complaints. Id. at 968. Instead,"the first and only mention of the statute of limitations came in their reply memorandum in support of the motion for summary judgment, submitted a year after the case was filed." Id. The court acknowledged that many cases "recognize that the failure to plead an affirmative defense can be harmless, notwithstanding the terms of Rule 8(c)," id. , but found that in this case the defendants had deprived the plaintiff of fair notice and a reasonable opportunity to respond to their

affirmative defense by not raising it until "the parties had largely completed an exhaustive discovery process, and the scheduled trial date was only a month away." Id. See also Strauss v. Douglas Aircraft Co., 404 F.2d 1152, 1155 (2d Cir. 1968) ("[W]here the party seeking to amend [the answer] wishes to raise a defense of limitations long after the answer was first filed, a court would be remiss if it did

not carefully balance the effects of such action for it is manifest that risk of substantial prejudice increases in proportion to the length of defendant's delay in seeking the amendment. . . . In sum, the party wishing to raise the defense is obliged to plead the Statute of Limitations at the earliest possible moment."); Hayden v. Ford Motor Co., 497 F.2d 1292, 1295 (6th Cir. 1974) ("Whatever the motives behind the plaintiff 's and defendant's pleading strategy, to allow the defendant to raise the bar of the statute of limitations after so long a delay [thirty months] and after so many intervening acts had occurred, would make a mockery of the intent and purpose of the statute of limitations."); Int'l Bhd. of Boilermakers, Local 1603 v. Transue & Williams Corp., 879 F.2d 1388, 1396 n.3 (6th Cir. 1989) (rejecting limitations defense as untimely when first raised in a motion to amend the district court's judgment over a year after the suit was filed).

We have even found a limitations defense to be waived where it was pleaded in the answer, but where it was not pursued before trial. In Bradford-White Corp. v. Ernst & Whinney, 872 F.2d 1153 (3d Cir. 1989), the defendant raised the statute of limitations defense in its answer, but "it did not file a motion or present argument before the district court on the statute of limitations issue at any time before or at the trial." Id. Then, following a trial and jury verdict, the defendant attempted to raise its statute of limitations defense in post-trial motions. Id.  at 1154. We did not permit this, finding that "it would be grossly unfair to allow a plaintiff to go to the expense of trying a case only to be met by a new defense after trial." Id.  at 1161.

All of these cases reflect, in one form or another, attempts by the courts to keep the consideration of affirmative defenses consistent with at least the purpose, if not necessarily the language, of Rule 8(c). Affirmative

11

defenses must be raised as early as practicable, not only to avoid prejudice, but also to promote judicial economy. If a party has a successful affirmative defense, raising that defense as early as possible, and permitting a court to rule on it, may terminate the proceedings at that point without wasting precious legal and judicial resources.

We hold, therefore, that affirmative defenses under the AEDPA should be treated the same as affirmative defenses in other contexts, and, if not pleaded in the answer, they must be raised at the earliest practicable moment thereafter.

II.

The issue before us on rehearing is whether the Commonwealth's assertion of its affirmative defense of the statute of limitations was untimely.

To recapitulate the sequence of events, Robinson's

relevant federal habeas petition was filed September 25, 1998. On November 10, 1998, the Magistrate Judge ordered that the Commonwealth file a responsive pleading and memorandum. In its letter response, the Commonwealth sought transfer to this court, arguing that the petition was successive because Robinson had filed an earlier federal habeas petition that had been dismissed.4 The Commonwealth's successiveness argument persuaded the District Court, which dismissed the complaint. However, under the holding of Christy v. Horn, "when a prior petition [for habeas corpus] has been dismissed without prejudice for failure to exhaust state remedies, no [court] authorization is necessary and the petitioner may file his petition in the district court as if it were the first such filing." 115 F.3d at 208.

Although Robinson relied on the decision in Christy in his objections to the Magistrate Judge's Report and

_____

4. The Commonwealth argued at the time that Robinson's first petition was dismissed on the merits, but, in fact, the docket entry for our order dated April 8, 1992 states that Robinson's request for a certificate of probable cause was denied because "of a failure to exhaust state remedies."

12

Recommendation, the District Court, in a brief order that did not refer to Christy, adopted the Magistrate Judge's recommendation that the habeas petition be dismissed. Thereafter, on December 13, 1999 we ordered the Commonwealth to show cause why we should not summarily reverse the District Court's dismissal of Robinson's habeas petition in light of Christy . The Commonwealth filed a letter brief conceding that under Christy the petition was not successive because the earlier petition had been dismissed on exhaustion grounds. On February 2, 2000, we reversed the dismissal and remanded the case to the District Court "for consideration as if [the petition] were [Robinson's] first habeas petition." Order, Robinson v. Johnson, No. 99-1434 (3d Cir. Feb. 2, 2000).

On February 18, 2000, the Magistrate Judge ordered the Commonwealth to file a response on the merits of the petition. On March 2, 2000, Robinson filed a motion in the District Court to strike his petition for habeas corpus relief and to permit him to file an amended petition. On March 14, 2000, the Magistrate Judge granted Robinson's motion and gave him 45 days to amend his petition. On March 30, 2000, the Commonwealth filed a response to the petition, there asserting for the first time its argument that Robinson's habeas petition was barred by AEDPA's statute of limitations. In the same document, the Commonwealth moved for reconsideration of the order granting leave to amend. The Magistrate Judge vacated his prior order allowing Robinson to amend his petition and issued a report and recommendation that the habeas petition be dismissed as untimely, which the District Court adopted.

Robinson argues that the Commonwealth's assertion of the statute of limitations defense was too late and that it should have been asserted at the same time as the Commonwealth's challenge to the petition on successiveness grounds. He contends that nothing in the Federal Rules of Civil Procedure prevented the Commonwealth from asserting all of its defenses in its initial answer. On reconsideration of this argument, we do not agree with Robinson's waiver argument.

Because Fed. R. Civ. P. 12 was promulgated before the enactment of AEDPA, the rule does not refer to the

13

successiveness issue and it therefore does not categorize that issue among the defenses referred to in the rule. Most courts that have considered the issue treat the successiveness issue as comparable to the defense that the court lacks jurisdiction of the subject matter. See Spivey v. State Bd. of Pardons & Paroles, 279 F.3d 1301, 1303 (11th Cir. 2002) (per curiam) (holding that where prisoner's S 1983 claim was the "functional equivalent" of a second habeas petition, and "he did not first apply with this Court for permission to file a second or successive petition as required by 28 U.S.C. S 2244(b)(3)(A), the district court lacked jurisdiction to entertain [his] claim"); United States v. Gallegos, 142 F.3d 1211, 1212 (10th Cir. 1998) (per curiam) (concluding that when petitioner failed to obtain "prior authorization" from the court of appeals before filing his third habeas petition in the district court, the"district court lacked subject matter jurisdiction" to decide the petition and its order on the merits "must be vacated"); Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997) ("to the extent the district court dealt with the[successive] S 2255 motion on its merits, the judgment of that court be and it hereby is vacated for lack of jurisdiction in that court to entertain the motion" because petitioner had not obtained an order authorizing such a petition from the court of appeals).

Rule 12(g) requires the consolidation of all defenses "which th[e] rule permits to be raised by motion." Fed. R. Civ. P. 12(g). Although, as discussed earlier, the so-called Third Circuit Rule permits a limitations defense to be raised by motion, Rule 12 does not list it among the enumerated defenses deemed waived if not consolidated with other defenses. See Fed. R. Civ. P. 12(h) (setting forth defenses waived if omitted from motion in circumstances described in Rule 12(g)).

A somewhat comparable situation arose in Perry v. Sullivan, 207 F.3d 379 (7th Cir. 2000), where the defendant filed a motion to dismiss the second amended complaint for failure to state a claim, which was granted in part. In response to the third amended complaint, defendant filed a motion to dismiss on the ground that the statute of limitations had run. The district court granted the motion,

and the court of appeals affirmed, holding that defendant had not waived the statute of limitations defense because he had not filed an answer. The court stated, "[defendant] did not waive his statute of limitations defense by waiting to file it until after the 12(b)(6) motions had run their course." Id. at 383.

The Commonwealth's letter response to Robinson's habeas petition seeking transfer to this court was equivalent to a motion to dismiss for lack of subject matter jurisdiction. A motion to dismiss for lack of subject matter jurisdiction is an even more favored affirmative defense than a motion to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(h). It follows that in initially seeking transfer to this court the Commonwealth did not act inconsistently with Rule 12's requirements as to the presentation of defenses.

Equally important is the recognition that AEDPA places the defense of successiveness on a different level than other affirmative defenses, such as the statute of limitations. Practically speaking, it is unique. Second or successive petitions for habeas relief have always faced significant obstacles to consideration in the federal courts because they are, for the most part, wasteful of judicial time and effort. The passage of AEDPA in 1996 strengthened these obstacles by creating a special screening process for the consideration of second or successive petitions, often referred to as a " 'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Section 2244(b) provides both procedural and substantive limits on the filing of second or successive petitions. One of the most significant changes is the requirement that the applicant must secure approval from the court of appeals to file a successive petition. 28 U.S.C. S 2244(b)(3)(A) (2001); H.R. Conf. Rep. No. 104-518, at 111 (1996). Unless the court of appeals grants such permission, the district court may not consider the second or successive petition.

Review of the language of S 2244(b)(3)(A) makes apparent the threshold nature of the inquiry into successiveness. The statute provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant

> shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. S 2244(b)(3)(A) (emphasis added).

Robinson argues that there is no significance to the

statute's introduction to this requirement with the word "before." We are not persuaded. No other defense is accompanied by this statutory imperative, and it is apparent that the statutory structure gives priority to the successiveness challenge.

It is true, as Robinson argues, that the Commonwealth could have raised its statute of limitations defense in the District Court when it raised the successiveness issue in response to Robinson's 1998 petition for habeas, but imposing such a requirement is contrary to the procedure established by AEDPA. When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. S 1631. The statute limits the authority of the district court to consider second or successive petitions without an order of the court of appeals. The district courts recognize this limitation. In United States v. Enigwe, No. 92-00257, 1998 U.S. Dist. LEXIS 15149, at *11-*12 (E.D. Pa. Sept. 28, 1998) (citations omitted) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997)), aff 'd 248 F.3d 1131 (3d Cir. 2000) (unpublished), the court stated: "Th[e] statutory directive means that a district court, faced with an unapproved second or successive habeas petition, must either dismiss it or transfer it to the appropriate court of appeals."

As the Court of Appeals for the Seventh Circuit has stated when considering a similar issue:

> [O]nly this court may authorize the commencement of a second or successive petition. . . . From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing. Even

16

> an explicit consent by the government to beginning the case in the district court would be ineffectual; the power to authorize its commencement does not reside in either the district court or the executive branch of government.

Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original).

There is no practical opportunity for a district court to consider merits defenses, such as the statute of limitations defense, before this court grants authorization to do so under 28 U.S.C. S 2244(b)(3)(A). It would circumvent the intent of the gatekeeping function of S 2244 for a district court to proceed to rule on the merits of a second or successive petition or on any affirmative defense before the court of appeals has made a decision whether to let the petition for habeas corpus proceed in the district court.

Defenses such as the statute of limitations would be premature at this stage. We therefore reject Robinson's argument that the Commonwealth waived its statute of limitations defense by not raising it in the District Court when it challenged Robinson's petition on the ground of successiveness.

Robinson next argues that the Commonwealth was obliged to raise its statute of limitations defense in this court in response to his appeal from the District Court's dismissal of his petition for habeas corpus. Although Robinson is correct that AEDPA does not preclude a court of appeals from considering the statute of limitations defense in deciding whether to grant permission to file a successive habeas petition, and it may well choose to do so, there is no rule that requires the Commonwealth to raise that issue at the appellate level. And, of course, Rule 12 governing waiver of defenses and consolidation of affirmative defenses in a motion applies only to pleadings in the district court. Moreover, it is not the usual practice of this court to consider and determine a defense that has not been considered in the first instance by the district court. Often, such defenses require submission of evidentiary material which appellate courts are not in a position to consider in the first instance. It follows that the Commonwealth was not obliged to raise its statute of

17

limitations defense on appeal and therefore cannot be deemed to have waived the defense for failure to raise it on appeal.

Indeed, as the Commonwealth points out, there was no appeal of the District Court's dismissal as that term is ordinarily construed. Instead, Robinson sought a certificate of appealability from this court under 28 U.S.C. S 2253(c)(1). We granted a certificate of appealability limited to "[w]hether the District Court erred by dismissing Appellant's petition for writ of habeas corpus under 28 U.S.C. S 2254 as a second or successive petition for which Appellant did not obtain authorization from this Court to file under 28 U.S.C. S 2244(b)(3)." Order, Robinson v. Johnson, No. 99-1434 (3d Cir. Dec. 13, 1999). 5

The Commonwealth was directed to show cause within fourteen days why the District Court's dismissal should not be summarily reversed and remanded for consideration as if it were Robinson's first petition. The Commonwealth limited its response to the issue identified.

This court's order was directed specifically to the Commonwealth filing an answer as to whether the habeas petition was successive. As proceedings were directed solely to determining whether the petition would be allowed under the successiveness rules, there would have been no reason for the Commonwealth to raise an alternate ground to uphold the dismissal, which might require the development of a record. Ordinarily, the court of appeals' consideration

of a request for authorization to file a second or successive petition is limited to whether the applicant has made a prima facie showing that the petition complies with the habeas statute's substantive successive petition standards. 28 U.S.C. S 2244(b)(3)(C). Because of this limited scope of review, the Commonwealth appropriately limited its response to the issue of successiveness.

---

5. In support of this argument, Robinson relies on the principle that a party who failed to raise an argument in its initial appeal is held to have waived its right to raise that argument on remand or on a second appeal. That principle must be limited to issues appropriate to be raised on appeal. It does not require a party to raise an issue that had not been previously treated or even raised in the district court.

18

After the Commonwealth conceded that Robinson's petition was not successive in light of the development of the law, this court remanded the petition to the District Court "for consideration as if it were [Robinson's] first habeas petition." Order, Robinson v. Johnson , No. 99-1434 (3d Cir. Feb. 2, 2000). This language mirrors that in our decision in Christy where we held that "when a prior petition has been dismissed without prejudice for failure to exhaust state remedies, no [prior] authorization is necessary and the petitioner may file his petition in the district court as if it were the first such filing." 115 F.3d at 208 (emphasis added). Once the issue of successiveness was disposed of, the Commonwealth could then move beyond that threshold issue to present defenses to the petition, such as the statute of limitations. It was only at this point that the normal rules regarding the waiver of defenses under Fed. R. Civ. P. 8(c) applied. Because the Commonwealth raised the statute of limitations in its first pleading that was filed in the District Court on remand, we hold that it did not waive this defense.

It follows that we must reject Robinson's suggestion that the Commonwealth's failure to raise its statute of limitations defense in this court constituted a waiver.

III.

Robinson suggests that if the Commonwealth did not waive the statute of limitations defense, then this court should hold that his case warrants equitable tolling and should be remanded to the District Court for an evidentiary hearing on that question. We have held that the statutes of limitations in AEDPA are subject to tolling in light of equitable considerations. Miller, 145 F.3d at 617. In Miller, we explained that "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' " Id. at 618 (quoting Shendock v. Director, Office of Workers' Compensation Programs , 893 F.2d 1458, 1462 (3d Cir. 1990) (in banc) (alteration in original)). "Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from

asserting his or her rights.' " Id. (quoting Oshiver v. Levin,

Fishbein, Sedran & Berman, 38 F.3d 1380, 1380 (3d Cir. 1994)).

To be successful in asserting this exception to the statute of limitations, the petitioner must "show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims' . . . . Mere excusable neglect is not sufficient." Id. at 618-19 (quotation omitted). In addition, we have cautioned that "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quotation omitted). See also Nara v. Frank, 264 F.3d 310 (3d Cir. 2001) (remand for evidentiary hearing on whether equitable tolling is warranted because of defendant's mental health problems and failures by his attorney).

Robinson argues that his circumstances warrant an evidentiary hearing on the availability of equitable tolling. Robinson states that he was transferred to a different unit at his correctional institution just under five weeks before the expiration of the statute of limitations for his petition. Br. of Appellant at 31. He contends that at the time of the transfer in August 1997, all of his personal belongings, including his legal papers, were taken from him and never returned. Br. of Appellant at 31. He asserts that without those legal papers he could not submit a timely petition.

The record shows that Robinson filed a grievance in December 1997, over two months after the limitations period had expired, stating that he had asked prison staff members to obtain his documents in September 1997. See Robinson's 3/2/00 motion for an order mandating District Attorney to provide records. He states that his papers were never returned, Br. of Appellant at 31-32, but that on an undisclosed date, he acquired a copy of his 1991 habeas petition from a former cellmate and, with the aid of this copy, he was able to write his new petition. Br. of Appellant at 32. As we previously noted, Robinson filed this petition with the District Court in September 1998.

The facts of this case do not present a basis for equitable tolling. Robinson was only deprived of his legal papers for

a few weeks of the year-long statute of limitations. He argues, based on the disposition in Miller, that an evidentiary hearing is required. However, Miller  was the first case in which this court held that AEDPA's statute of limitations may be equitably tolled in appropriate circumstances. Thus, the court remanded so that the District Court could consider the issue in the first instance.

In contrast to the facts in Miller, here Robinson had raised equitable tolling in the District Court, and was unsuccessful. Miller neither holds nor states that an evidentiary hearing must be held in every case where the petitioner alleges deprivation of access to legal papers.

In addition, Robinson has not shown that he exercised adequate diligence in attempting to file a timely petition. Although he did informally request return of his papers after his August 19, 1997 transfer, the grievance filed in December 1997, after the expiration of his federal limitations period, stated that he needed the documents for his state court filings. While he ultimately received a copy of his old habeas petition, he filed his petition without the benefit of his removed legal papers, suggesting, if not demonstrating, that they were not necessary to his federal filing.

Several other courts that have considered this issue under similar circumstances have held that deprivation of legal material for a relatively brief time period is not sufficient to warrant tolling. See Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (equitable tolling not warranted when prisoner restricted to psychiatric ward for seventeen days without access to legal materials, but holding that it might have been a stronger case if the incapacitation occurred closer to the filing deadline); Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001) (per curiam) (denial of access to legal materials for one month near beginning of the statute of limitations did not warrant application of equitable tolling) (rehearing en banc on other grounds, 295 F.3d 1046 (9th Cir. 2002)); but see Valverde v. Stinson, 224 F.3d 129, 133-35 (2d Cir. 2000) (finding confiscation of legal papers "extraordinary" and sufficient to warrant an evidentiary hearing, and rejecting argument that petitioner should be faulted for failing to file earlier to protect against possible confiscation).

Admittedly, in Allen and Fisher the petitioners were deprived of their materials early in the limitations period when there was adequate time to correct the problem. Robinson's deprivation occurred at the very end of the limitations period. His case more closely resembles that in Valverde where the papers were confiscated at the end of the limitations period. But Robinson still has not demonstrated the diligence necessary to warrant an evidentiary hearing on his claim. For example, Robinson does not claim that he was working on the habeas petition before his papers were removed, although there was adequate time to have done so. Summarizing, he had the majority of the limitations period to work on his petition, filed his formal grievance long after the limitations period expired, ultimately filed his petition without the benefit of the removed papers, and did not seek to file a timely petition and then clarify it once he had access to his materials as 28 U.S.C. S 2242 and Fed. R. Civ. P. 15(a) would allow. See United States v. Duffus, 174 F.3d 333, 337

(3d Cir. 1999). Robinson has not alleged facts sufficient to show that "sound legal principles as well as the interests of justice" demand pursuit of the "sparing" doctrine of equitable tolling. Jones, 195 F.3d at 159. 6

CONCLUSION

For the reasons set forth, we will affirm the order of the

_____

6. Robinson argues that the equities favor him because he has been waiting for more than 3 years for a determination of the merits of his habeas petition. Robinson, a convicted first-degree murderer, has been exceedingly lax throughout in his adherence to the procedural requirements. There would have been no issue of exhaustion with respect to his first habeas petition had he filed the petition for allocatur in 1989 with the Pennsylvania Supreme Court, which he did not. He did not appeal the denial of his second petition under the PCRA. It was only with his third PCRA application, filed in 1994, that he proceeded to exhaust all of the Pennsylvania procedures. He is hardly in the position of a clean hands petitioner. Moreover, because Robinson's petition was untimely, as the District Court found and we have affirmed, the delay in hearing the merits of the habeas petition cannot have caused him any prejudice.

District Court dismissing Robinson's petition for a writ of habeas.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit