

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2003

# Stewart v. Hendricks

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1656

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Stewart v. Hendricks" (2003). *2003 Decisions.* Paper 358.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/358

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1656

VERNOL STEWART,
Appellant

v.

ROY L. HENDRICKS, SUPERINTENDENT,
NEW JERSEY STATE PRISON; JOHN J.
FARMER, JR., THE ATTORNEY GENERAL
OF THE STATE OF NEW JERSEY

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 00-cv-05207
District Judge: The Honorable Faith S. Hochberg

Submitted Under Third Circuit LAR 34.1(a)
July 17, 2003

Before: McKEE, BARRY, and WEIS, Circuit Judges

(Opinion Filed: July 18, 2003)

OPINION

BARRY, Circuit Judge

On September 27, 1993, after a jury trial in the Superior Court of New Jersey, appellant Vernol Stewart was convicted of first degree murder, possession of a handgun without a permit, and possession of a weapon for an unlawful purpose, and was sentenced to thirty years incarceration without the possibility of parole. He now appeals from the District Court's sua sponte dismissal of his petition for a writ of habeas corpus on the ground that it was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). For the reasons set forth below, we will vacate the District Court's order and remand for further proceedings.

## I.

Stewart filed a direct appeal to the Superior Court of New Jersey, Appellate Division, which affirmed his conviction on January 9, 1996. On March 26, 1996, the Supreme Court of New Jersey denied his Petition for Certification. State v. Stewart, 144 N.J. 175, 675 A.2d 1123 (N.J. 1996) (table). Having exhausted his direct appeals, on March 21, 1997, Stewart filed a petition for post-conviction relief with the Superior Court, which was denied on July 31, 1997. The Appellate Division affirmed the denial, and on October 26, 1999, the Supreme Court denied Stewart's Petition for Certification. State v. Stewart, 162 N.J. 199, 743 A.2d 851 (N.J. 1999) (table).

On September 26, 2000, Stewart filed the instant habeas petition pro se, pursuant

to 28 U.S.C. § 2254, alleging (1) that his trial and appellate counsel had rendered constitutionally ineffective assistance; (2) prosecutorial misconduct; and (3) errors by the trial court in instructing the jury. On April 25, 2001, the District Court ordered respondents to file an answer to the petition, and, on June 28, 2001, they filed a 39-page answer which addressed Stewart's petition on the merits, but did not raise, much less raise as an issue, the applicable statutory limitations period. Stewart filed a <u>pro</u> <u>se</u> traverse responding to the answer on July 31, 2001.

Six months later, on January 23, 2002, the District Court dismissed Stewart's petition because it had not been filed within the one-year limitations period prescribed by 28 U.S.C. § 2244(d). The District Court found that section 2244(d)'s one-year period for filing a habeas petition began to run for Stewart on April 23, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the beginning of the one-year grace period for claims arising prior to that date. The District Court concluded that, even after tolling the one-year limitations period for the time that Stewart's petition for post-conviction relief was pending before the state courts, the limitations period had run on November 30, 1999, ten months before Stewart filed his habeas petition. The District Court's dismissal of that petition was based solely on its conclusion that it was thus time-barred, and did not address any other procedural issues or the merits of the petition or respondents' answer.

On February 28, 2002, Stewart filed a notice of appeal with this Court, and on

3

March 15, 2002, we remanded the matter to the District Court with instructions to either issue a certificate of appealability or to state why such a certificate should not issue. On March 18, 2002, the District Court issued an order which stated that Stewart was not entitled to a certificate of appealability because he had not made a substantial showing of the denial of a constitutional right, and for the reasons it had set forth in its January 23, 2002 order dismissing the petition.

On November 29, 2002, we issued an order treating Stewart's notice of appeal as a request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1), and granted the request as to the following question: "Whether the district court erred by sua sponte dismissing Appellant's petition for a writ of habeas corpus as time barred by the one year period of limitation prescribed in 28 U.S.C. § 2244(d), where the respondents did not assert the affirmative defense in their answer to the petition."

## II.

In our recent *en banc* decision in Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002), we held that "because the AEDPA limitations period [28 U.S.C. § 2244(d)] is subject to equitable modifications such as tolling, it is also subject to other non-jurisdictional, equitable considerations, such as waiver." Id. at 134. Accordingly, we held that the AEDPA's limitations provision is an affirmative defense, which, just like any other statute of limitations defense, will be waived if not timely raised by a state

4

respondent to a habeas petition.

In Robinson, after concluding that a state respondent could waive the limitations defense, we went on to consider at what point in a habeas proceeding the limitations defense will be considered waived. We noted that although Federal Rule of Civil Procedure 8(c) requires that a defendant plead a statute of limitations defense in his or her answer, the established rule of this Court also allows a statute of limitations defense to be raised by motion under Federal Rule of Civil Procedure 12(b)(6), "but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Id. at 135 (quoting Hanna v. U.S. Veteran's Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975). In accordance with these rules, we held that "affirmative defenses under the AEDPA . . . if not pleaded in the answer . . . must be raised at the earliest practicable moment thereafter." Id. at 137.

In Robinson, the state respondents' initial response to Robinson's habeas petition did not mention the statute of limitations defense, but instead argued that the District Court lacked jurisdiction to consider the petition because it was a successive petition filed without authorization from this Court as required by 28 U.S.C. § 2244(b)(3)(A). Only after we found that Robinson's petition was not a successive petition precluded by section 2244(b)(3) and remanded the petition to the District Court did the state respondents raise the limitations defense in their answer.

Under these facts, we held that the state respondents had not waived the limitations

5

defense. We reasoned that the state respondents' initial response to Robinson's petition was the equivalent of a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(6), and, thus, the affirmative limitations defense need not then have been raised. Accordingly, the state respondents' assertion of the limitations defense in their first pleading after the petition was remanded was timely.

In light of our analysis and holdings in Robinson, of which the District Court did not have the benefit when it dismissed the petition, it is clear that the District Court should not have sua sponte dismissed the petition on the ground it was time-barred under section 2244(d). Unlike the state respondents in Robinson, respondents here never even mentioned the limitations defense in any pleading and thereby waived the defense. As we held in Robinson, the AEDPA's limitations defense, if not raised in the answer, "must be raised at the earliest practicable moment thereafter." Robinson, 313 F.3d at 137. Here, over six months passed between the filing of the answer to Stewart's petition and the District Court's dismissal. Clearly, the "earliest practicable moment" that respondents could have raised the limitations issue had long since passed by the time the District Court dismissed the petition.

We are not persuaded by respondents' argument, citing cases decided by other courts of appeals, that a district court may raise the AEDPA's limitations provision sua sponte, so long as the petitioner has notice and an opportunity to be heard. Our holding in Robinson that the limitations defense can be waived by a state respondent effectively

6

forecloses this argument.  Compare <u>Robinson</u>, 313 F.3d at 137, <u>with</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043(9th Cir. 2001) (district court may raise AEDPA limitations provision <u>sua sponte</u> so long as petitioner is afforded notice and an opportunity to be heard), <u>and</u> <u>Acosta v. Artuz</u>, 221 F.3d 117, 123-24 (2d Cir. 2000) (same).

## III.

For the foregoing reasons, we will vacate the order of the District Court dismissing Stewart's petition for a writ of habeas corpus as time-barred and remand for further proceedings consistent with this opinion.

TO THE CLERK OF COURT:

Kindly file the foregoing opinion.

/s/ Maryanne Trump Barry

Circuit Judge
