

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2004

# Gates v. Lavan

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1764

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Gates v. Lavan" (2004). *2004 Decisions.* Paper 203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1764

———

RICARDO HERASHIO GATES,

Appellant

v.

THOMAS LAVAN; ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 02-cv-02262)
District Judge: Honorable Yvette Kane

———

Argued: September 30, 2004

Before: ROTH, BARRY and CHERTOFF, *Circuit Judges.*

(Filed October 21, 2004)

THOMAS A. DONOVAN
JULIE S. GREENBERG (Argued)
Kirkpatrick & Lockhart LLP
Henry W. Oliver Building
535 Smithfield St.
Pittsburgh, PA 15222

*Counsel for Appellant*

JAMES P. BARKER (Argued)
Deputy District Attorney
Dauphin County Court House
Front and Market Streets
Harrisburg, PA 17101

*Counsel for Appellees*

———

OPINION

———

CHERTOFF, *Circuit Judge.*

Appellant Ricardo Gates was convicted of murder in the Dauphin County (Pennsylvania) Court of Common Pleas in January, 1994. His appeal was affirmed by the Superior Court that year, and he did not seek appeal to the Pennsylvania Supreme Court. His sentence became final in September, 1994.

Gates filed his first petition in state court for post-conviction relief in November, 2000. It was dismissed as untimely. After that dismissal was affirmed on appeal, and after application to the state Supreme Court for a Petition for Allowance of Appeal was denied, Gates filed a Petition for a Writ of Habeas Corpus in the District Court.

Just over three weeks after the petition was filed–and before the time for a response by the Commonwealth had arrived–the Magistrate Judge recommended that the petition be dismissed. First, the Magistrate Judge held that Gates had not exhausted all

remedies available in the state courts, and that because any further state court proceedings were time-barred, Gates's claims were procedurally defaulted. See 28 U.S.C. § 2254(b)(1)(A). The Magistrate Judge rejected Gates's argument that the default should be excused for cause because the failure to pursue appellate and post-conviction relief was the fault of his counsel. See generally Coleman v. Thompson, 501 U.S. 722, 750 (1991). As an alternative ground for dismissal, the Magistrate Judge determined that the habeas petition was time-barred under 28 U.S.C. § 2244 (d)(1), which sets a one-year statute of limitations. Since Gates's judgment of conviction preceded the effective date of § 2244(d)(1)–April 24, 1996–the limitations period expired in April, 1997, over three years before Gates filed his habeas petition.

Gates filed no objections to the Magistrate Judge's Report and Recommendation, and it was adopted by the District Court. A notice of appeal was filed. On remand from this Court, the District Court granted a certificate of appealability only on the question whether Gates could establish cause and prejudice to excuse his procedural default.

On appeal, Gates raises two arguments. First, he asserts that he has cause for his failure to timely raise claims before the state Supreme Court and on state collateral review, based on alleged ineffective assistance of his appointed counsel. Second, he asserts that the District Court should not have dismissed the petition on limitations grounds *sua sponte*, noting that a statute of limitations must be raised as an affirmative defense "and, if not pleaded in the answer, [it] must be raised at the earliest practicable

3

moment thereafter." Robinson v. Johnson, 313 F.3d 128, 137 (3d Cir. 2002); see Stewart v. Hendricks, 71 Fed. Appx. 904 (3d Cir. 2003) (reversing *sua sponte* dismissal on limitations grounds granted six months after Commonwealth answered on the merits).

Gates briefed the statute of limitations issue without first seeking or obtaining from this Court a broader certificate of appealability that would encompass that claim. Under our rules, therefore, the appeal is limited to the single issue certified by the District Court. 3d Cir. LAR 22.1(b) (1997) (motions panel must grant broader certificate or merits panel must direct briefing of other issues). The certificate defines the limit of our jurisdiction. See United States v. Cepero, 224 F.3d 256, 262 (3d Cir. 2000) (en banc). While we might arguably have the authority to broaden the certificate even at this point of the proceedings, see generally Jones v. United States, 224 F.3d 1251, 1254-56 (11th Cir. 2000), we would not do so in any event here. There is no basis to contend that a limitations defense is waived because the Magistrate Judge raised it *sua sponte* before the Commonwealth was required to file an answer. There was simply no earlier opportunity for the Commonwealth to assert the defense, nor did the respondent's subsequent conduct evince a desire to waive that defense. Stewart is entirely distinguishable because that case dealt with the District Court's assertion of the limitations defense months after the respondent filed an answer on the merits.[1] Accordingly, the standards for a certificate

---

[1] We note that Gates did not challenge the statute of limitations recommendation before the District Judge and, prior to this appeal, has not asserted any basis for tolling the statute of limitations for the three years between the expiration of the limitations period and the date his petition was filed. At oral argument, Gates's counsel argued that

4

of appealability on this point are not met.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

The expiration of the statute of limitations warrants dismissal of the petition. Accordingly, any ruling on the procedural default issue which was certified by the District Court would be advisory only, since it could not affect the outcome of the case. Accordingly, we will dismiss the appeal for want of jurisdiction.   See Cepero, 224 F.3d at 262.

---

the statute of limitations should be equitably tolled due to Gates's erroneous belief that his trial attorney had pursued his appeal.  As we have previously noted, "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).