

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2005

# Brody v. Hankin

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1376

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brody v. Hankin" (2005). *2005 Decisions*. Paper 648.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/648

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Case No: 04-1376

_____

MARTIN BRODY;
FLORENCE BRODY;
MFB PARTNERS, L.P.,

Appellants

v.

MARK HANKIN, IND. d/b/a
HANKIN MANAGEMENT COMPANY;
HANKIN MANAGEMENT, INC.

_____

On appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court Civ. No. 03-4739
District Judge: Hon. J. Curtis Joyner

_____

Submitted Pursuant to LAR 34.1(a)
April 1, 2005

_____

Before: ALITO, SMITH, and FISHER *Circuit Judges*

(Filed: August 29, 2005)
_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

We consider in this appeal whether the District Court erred in granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) on the grounds of res judicata, or claim preclusion. Because res judicata is an affirmative defense, and the basis for dismissing this case on res judicata grounds was not apparent on the face of the complaint, we will reverse the District Court.

## I.

In the early 1980s, Martin and Florence Brody invested in real estate partnerships formed and operated by Mark Hankin. The partnerships were referred to collectively as "HanMar." According to the terms of the partnership agreements, the Brodys were to receive an eight percent annual preferred distribution on their investment. These distributions were made until 1991, when Hankin purportedly unilaterally amended the partnership agreements pursuant to an amendment made to them in 1988. Hankin's 1991 amendment, inter alia, rearranged the priority of distribution so that the preferred distributions were subordinated to "virtually all" other payments.[1]

The Brodys first learned of Hankin's 1991 amendments in 2001, after they commenced arbitration proceedings against Hankin, HanMar, and HanMar's general partner alleging breach of fiduciary duty and breach of contract. In particular, the Brodys argued that the 1988 amendment partly was void because it changed the amendment

---

[1] As we review the grant of a motion to dismiss for failure to state a claim, we accept the facts alleged in the complaint and view them in the light most favorable to the non-moving party – here, the Brodys. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

process itself without unanimous support from other partners. As a result, the Brodys claimed, the 1991 amendment was void *ab initio* because it rested on an illicit amendment. Hankin was dismissed from the arbitration on the ground that he signed no arbitration clause. In 2002, the Brodys filed suit by a writ of summons in the Philadelphia Court of Common Pleas against Hankin and his company, Hankin Management, Inc. (HMI). In June 2003, the arbitrator awarded limited damages to the Brodys. After the arbitration award was entered, the Philadelphia Common Pleas Court issued a rule to file a complaint, and the Brodys complied in August 2003 by filing a complaint against Hankin and HMI. After Hankin and HMI removed the case to the District Court on the basis of diversity, the Brodys amended their complaint to add a RICO claim.

Hankin and HMI moved to dismiss the complaint on res judicata grounds, and in support of their motion filed part of the arbitration record with the District Court. In January 2004, the District Court granted the motion to dismiss. "Although it is an affirmative defense," the District Court wrote, "res judicata may be raised in a Rule 12(b)(6) motion and such a motion is particularly appropriate if the defense is apparent on the face of the complaint." *Brody v. Hankin*, 299 F. Supp.2d 454, 458 (E.D. Pa. 2004) (citing *Rycoline Prod's. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)). According to the District Court, the attachments to the defendant's motion to dismiss established that the nature of the dispute heard by the arbitrator was the same as the dispute the Brodys now pressed in the District Court. *Id*. at 459. The District Court also

determined that Hankin was in privity with the general partner of the HanMar partnerships, and that confirmation of the arbitration award was imminent. *Id*. at 461. As such, the District Court held that the three federal requirements for res judicata – a final judgment on the merits, claims involving the same parties or their privies, and a suit based on the same cause of action – were met. *Id*.[2] The Brodys filed a notice of appeal in February 2004.[3]

## II.

The District Court prematurely dismissed this case based on a misreading of our res judicata jurisprudence. The law in this Circuit has long been that a district court may grant a Rule 12(b)(6) motion on the basis of an affirmative defense "*if* the predicate establishing the defense is apparent *from the face of the complaint*." *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 n.10 (3d Cir. 1978) (emphasis in original) (citing, inter alia, *Hartmann v. Time*, 166 F.2d 127, 131 n.3 (3d Cir. 1947)). *Rycoline*, on which the District Court relied, applied this rule to a district court decision holding that New

---

[2]We note that the District Court erroneously applied federal res judicata principles, and federal cases elucidating those principles, in granting the motion to dismiss. "Federal courts must 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1429 (3d Cir. 1994) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (applying Pennsylvania's four-pronged test for establishing res judicata); *O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1064-65 (3d Cir. 1991) (same).

[3]We exercise jurisdiction over the final order of the District Court under 28 U.S.C. § 1291, and review its grant of Hankin's motion to dismiss de novo. *Wheeler v. Hampton Twp.*, 399 F.3d 238, 242 (3d Cir. 2005).

Jersey's version of res judicata barred suit in federal court where the plaintiff-appellant already filed a similar suit in state court. 109 F.3d at 886-87.

The state suit in *Rycoline* was for breach of fiduciary duty, various business torts, and violations of the Lanham Act. *Id*. at 884. After the state court denied two applications for temporary injunctive relief, Rycoline sued in federal court asserting "essentially the same claims," and adding New Jersey fraud and RICO claims, and a federal RICO claim. *Id*. The defendants moved to dismiss under Rule 12(b)(6), arguing that New Jersey's Entire Controversy Doctrine barred the suit because the claims could have been brought in the state court action. *Id*. at 885. The district court held that New Jersey's Entire Controversy Doctrine negated the Court's subject matter jurisdiction over Rycoline's suit under Rule 12(b)(1). *Id*. We noted that the Entire Controversy Doctrine is New Jersey's application of res judicata principles, and observed that res judicata does not defeat subject matter jurisdiction. Nevertheless, we concluded that New Jersey's Entire Controversy Doctrine was not apparent on the face of the complaint and that therefore Rule 12(b)(6) dismissal likewise would have been inappropriate. *Id*. at 886-87.[4]

What was critical in *Rycoline*, and what the District Court failed to understand, is that an affirmative defense will serve as grounds for a Rule 12(b)(6) dismissal *only* if the basis for the defense is evident on the face of the complaint. We held in *Bethel*, we

_____

[4]Though Rycoline took issue with factual assertions made by the defendants, it refused to dispute the facts lest it waive its position that such matters were inappropriate to consider on a Rule 12(b)(6) motion. 109 F.3d at 885.

5

explained in *Rycoline*,

> that if a statute of limitations "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." This holding applies not only to a statute of limitations defense, but also to any affirmative defense raised pursuant to Rule 8(c), including res judicata and the Entire Controversy Doctrine.

109 F.3d at 886 (citation omitted); *see also Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Rycoline*). Here, the District Court expressly relied on facts from documents related to the arbitration proceeding, but not mentioned in, or attached to, the Brodys' complaint. It thus violated the *Rycoline* rule and effectively converted Hankin's motion to dismiss into a motion for summary judgment without notifying the Brodys.[5]

Hankin argues that the Brodys "opened the door" for the District Court to consider materials submitted to the arbitrators by discussing the arbitration in the complaint. That

---

[5]As in *Rycoline*, the Brodys declined to engage Hankin in the District Court in disputes over what happened at arbitration for fear they would waive their position that such matters were irrelevant to a Rule 12(b)(6) motion. Answering Hankin's motion to dismiss, the Brodys stated:

> Plaintiffs' Brief does not specifically address the extraneous matters raised by the defendants because plaintiffs believe it would constitute a waiver and have the effect of allowing the Motion to be converted to a Summary [J]udgment motion. . . . In the event this Court believes it is appropriate to consider matters outside the Complaint and treat the motion as one filed under Rule 56, plaintiffs now request that the Court so notify the parties and give them a reasonable opportunity to take discovery, obtain affidavits, and otherwise prepare an appropriate answer.

App. at 1007.

6

contention is meritless.  We have held that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White*, 998 F.2d 1192, 1996 (3d Cir. 1993).  That proposition does not bring Hankin close to showing res judicata on the face of the Brodys' complaint, however.  The Brodys' complaint mentions two documents unearthed in arbitration: copies of the alleged 1991 amendments to the HanMar agreements (along with related management and leasing agreements, and maintenance agreements), and a statement by HanMar's counsel, presumably contained in a letter or deposition transcript, that no letters to a limited partner referring to the 1991 amendments could be found.  The District Court thus properly could have considered these documents under *White*.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that the district court permissibly considered annual report where data contained in the annual report repeatedly was referenced in complaint but was not cited).  The District Court exceeded its mandate, however, when it incorporated in its decision the Amended Supplemental Description of Nature of Claim submitted to the arbitrators, and relied on that document to conduct its res judicata analysis.  *See* 299 F. Supp.2d at 459-60.  The Brodys did not mention information from that document in their complaint, and as such it was off-limits to the District Court.  *See In re Burlington Coat Factory*, 114 F.3d at 1426.

Nor do we find merit in Hankin's contention that the District Court permissibly

7

took judicial notice of the substance of the arbitration award. "[O]n a motion to dismiss, we may take judicial notice of another court's opinion – not for the truth of the matter asserted, but for the existence of the opinion." *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). Thus, "a court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment." *Id*. Here, the District Court not only noticed the existence of the arbitration award, but seemed to notice facts found in that document. *See* 299 F. Supp.2d at 460. For example, a predicate to holding an action barred under the federal doctrine of res judicata is that the suit be against the same parties or their privies.[6] The District Court stated that privity exists "where a party adequately represented the nonparties' interests in the prior proceeding." 299 F. Supp.2d at 461. The District Court then summarily concluded that Hankin adequately represented his own interests in the arbitration proceedings. *Id*. As Hankin was dismissed as a party from the arbitration, we are unsure how the District Court so swiftly reached this conclusion. We are sure, however, that for the District Court to determine that Hankin "adequately" represented his own interests at the arbitration proceedings the District Court had to go beyond merely

---

[6] As we said earlier, we do not condone the District Court's employment of the federal res judicata test or its use of federal cases applying that test. Though the parties have not briefed this issue, it appears to us that Pennsylvania law may require precise identity of parties. *See AMTRAK v. Pennsylvania Pub. Util. Comm'n*, 343 F.3d 242, 256 (3d Cir. 2003); *In re Iulo*, 766 A.2d 335, 337 (Pa. 2001). In other words, privity may not be enough to support a finding of res judicata in Pennsylvania. We leave it to the District Court on remand to decide that question, should it become necessary to do so, in the first instance.

taking notice of the existence of the arbitration award. That being said, even if the District Court merely noticed the existence of the award, that limited use of the award was impermissible because the Brodys did not rely on the award in their complaint. *See Southern Cross*, 181 F.3d at 427. Like its reliance on documents filed during the arbitration, the District Court's reliance on the arbitration award also was error.

## III.

Whether claim preclusion applies is a delicate question often requiring factual comparisons, and thus often is decided on a motion for summary judgment. *See, e.g., O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1070-71 (3d Cir. 1991) (upholding summary judgment dismissing suit on res judicata grounds where plaintiffs failed to compel arbitration in Pennsylvania state court suit). While a district court may dismiss a claim on res judicata grounds on a Rule 12(b)(6) motion, in order to do so those grounds must be evident on the face of the complaint. As such grounds were not present on the face of the Brodys' complaint, the District Court erred in granting Hankin's motion to dismiss. Accordingly, we will reverse the judgment of the District Court and will remand for further proceedings.[7]

---

[7]We recognize that a District Court's formal conversion of a Rule 12(b)(6) motion to a Rule 56 motion may be held harmless error, but we cannot say that such is the case here. Typically, where harmless error conversions are found, "we [have been] able to determine the propriety of dismissal by applying established law to relatively straightforward allegations in the complaint. Although material beyond the pleadings had been submitted, it does not appear to have been voluminous or to have raised complex issues of pleading." *In re Rockefeller Ctr. Prop's. Sec. Litig.*, 184 F.3d 280, 289 (3d Cir. 1999). Here, the record is voluminous, totaling more than 1100 pages, and the pleading issues involve

questions of Pennsylvania law that the District Court has not considered in the first instance. Additionally, the District Court here did not formally convert the motion to dismiss into a motion for summary judgment. Accordingly, we will reverse and remand. *See id.* (declining to decide a motion to dismiss after conversion because the case involved a voluminous, 1800-page appendix, with which the district court was more familiar, and complex issues of law).