

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2009

# USA v. Kareem Millhouse

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Kareem Millhouse" (2009). *2009 Decisions.* Paper 1664.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1664

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-1326/1398
_____

UNITED STATES OF AMERICA

v.

KAREEM MILLHOUSE,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-cr-397)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2009

Before:  RENDELL, AMBRO and JORDAN, *Circuit Judges*.

(Filed: March 27, 2009)

_____

OPINION OF THE COURT

_____

JORDAN, *Circuit Judge*.

Kareem Millhouse appeals his conviction by the United States District Court for

the Eastern District of Pennsylvania of aggravated sexual abuse, in violation of 18 U.S.C.

§ 2241(a); sexual abuse, in violation of 18 U.S.C. § 2242(1); assault, in violation of 18

U.S.C. § 113(a)(3); escape, in violation of 18 U.S.C. § 751(a); and possession of a dangerous weapon in a federal facility, in violation of 18 U.S.C. § 930(b). On appeal, Millhouse contends that the evidence presented at trial was insufficient to support his conviction. Because there was sufficient evidence to support the District Court's verdict, we will affirm its judgment of conviction.

## I.    Background

In May 2006, Millhouse was charged with armed bank robbery and arrested. The District Court appointed a female attorney from the Criminal Justice Act Panel of the Eastern District of Pennsylvania to defend him. Millhouse and his attorney discussed cooperating with the government and scheduled meetings with federal authorities. Before one of these meetings, Millhouse was taken to a room at the William J. Green Federal Building in Philadelphia and left alone with his attorney. He then removed a razor blade that he had hidden in his mouth, placed it at his attorney's throat, and told her that he wanted to have sex with her.

Millhouse's attorney screamed, and Millhouse flung her across the room and into the wall. As law enforcement officials rushed into the room, Millhouse began throwing himself against one of the windows. When he was unable to break the window with his shoulder, he picked up a chair and slammed it against the window repeatedly until he was subdued. While law enforcement agents were taking Millhouse into custody, he said that he wanted to die.

2

In August 2006, a grand jury returned an indictment against Millhouse, charging him with aggravated sexual assault, sexual abuse, assault, escape, and possession of a dangerous weapon in a federal facility. Millhouse waived the right to a jury trial, and, after a two-day bench trial, the Court found Millhouse guilty of all five counts. Millhouse did not argue to the District Court, either during or after the trial, that there was insufficient evidence to convict him.

Millhouse has filed a timely appeal and now challenges the sufficiency of the evidence against him. He argues that the evidence was insufficient to prove that he had the intent necessary to commit the crimes he was convicted of because his actual intent was to commit suicide by inducing law enforcement officers to shoot him.

II.     Discussion[1]

Because Millhouse did not preserve the issue of sufficiency of the evidence by making a timely motion for judgment of acquittal at the close of the evidence, we review for plain error.[2] *United States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005) (citations omitted). In reviewing for plain error, we examine the evidence in the light most favorable for the government and must sustain the District Court's verdict if a reasonable

---

[1]The District Court had jurisdiction over this criminal case under 18 U.S.C. § 3231. We have jurisdiction to review the District Court's judgment of conviction under 28 U.S.C. § 1291.

[2]The government argues that Millhouse has entirely waived his sufficiency-of-the-evidence argument. (Answering Br. at 13-18.) Because Millhouse's argument is plainly without merit, we choose to dispose of it on the merits, rather than considering the question of waiver.

fact finder, believing the government's evidence, could find beyond a reasonable doubt that the government proved all the elements of all the offenses. *See id.* (citations omitted).

Millhouse claims that the government did not present sufficient evidence to prove that he had the intent necessary to commit the crimes of which he was convicted. The government produced evidence that Millhouse snuck a razor blade into a federal building, used it to threaten to kill his attorney if she would not have sex with him, and then tried to escape by breaking a window. Taken in the light most favorable to the government, this evidence is more than sufficient for a reasonable fact finder to conclude that Millhouse had the requisite intent to commit the crimes of conviction.

## III.    Conclusion

Because the District Court did not commit plain error, we will affirm its judgment.