ALD-189                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4014
_____

UNITED STATES OF AMERICA

v.

KAREEM MILLHOUSE,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 2:06-cr-00397-001)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 7, 2015

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 3, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Kareem Millhouse, a federal prisoner proceeding pro se, appeals from an order of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the United States District Court for the Eastern District of Pennsylvania dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will affirm.

In 2007, Millhouse was convicted in a bench trial of attempted aggravated sexual abuse, attempted sexual abuse, attempted escape, assault, and possession of a dangerous weapon in a federal facility.[1] He was sentenced to 300 months in prison, and we affirmed. United States v. Millhouse, 317 F. App'x 201, 202 (3d Cir. 2009). Millhouse subsequently filed a motion pursuant to 28 U.S.C. § 2255, which was denied. It does not appear that he sought a certificate of appealability regarding that decision.

In 2014, Millhouse filed a habeas petition pursuant to 28 U.S.C. § 2241 claiming that he is actually innocent of aggravated sexual abuse, sexual abuse, assault, and escape because those offenses were not included in the indictment by virtue of the fact that he was indicted on attempted offenses. The District Court dismissed the petition for lack of jurisdiction, concluding that (1) the claim could be raised only, if at all, in a § 2255 motion, and (2) Millhouse had not obtained leave to file a second § 2255 motion. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel.

---

[1] The amended judgment reflects that Millhouse was convicted of aggravated sexual abuse, sexual abuse, and escape. United States v. Millhouse, No. 2:06-cr-00397 (E.D. Pa. Feb. 20, 2008), ECF No. 145. However, he was indicted on attempted offenses, ECF No. 12, and the trial judge's opinions regarding a post-conviction motion for a new trial, ECF No. 123, and Millhouse's § 2255 motion, ECF No. 226, state that he was convicted of attempted offenses. This discrepancy is the basis for Millhouse's current challenge.

2

Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We agree with the District Court that Millhouse's § 2241petition was not viable. He challenged the validity of his convictions, and "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As the District Court noted, Millhouse could proceed with a § 2255 motion only with authorization from this Court – something he had not obtained. See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

Although a petitioner may challenge a conviction pursuant § 2241 if a § 2255 motion would be "inadequate or ineffective," this exception applies only in rare circumstances. In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that a § 2255 motion would be "inadequate or ineffective" where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted. Millhouse, however, cannot avail himself of this exception. The conduct underlying his convictions is still a crime, and Millhouse does not argue otherwise. Nor does his contention of actual innocence, which is based solely on a ministerial discrepancy between certain documents in the record, constitute an extraordinary circumstance justifying the use of § 2241. See Cradle, 290 F.3d at 539. In sum, Millhouse may not use § 2241 to evade the stringent gatekeeping requirements of § 2255. Id. Accordingly, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

3