CLD-014                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3454
_____

IN RE:  HENRY M. GREER,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 3-13-cv-00229)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 18, 2013
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 23, 2013 )
_____

OPINION
_____

PER CURIAM

        Richard M. Greer is a Pennsylvania prisoner who has been serving two

consecutive sentences of 15 to 30 years of imprisonment since 1980.  Those sentences

were imposed following two separate trials, each involving rape and other charges,

including robbery in one case and burglary in the other.  Greer has since filed at least five

habeas petitions with the District Court and, in this Court, four requests for a certificate

of appealability and three applications under 28 U.S.C. § 2244 to file a second or

successive petition. (Greer's previous habeas-related filings in this Court were docketed at C.A. Nos. 09-2820, 07-2750, 05-4605, 05-1780, 02-1965, 02-1796 and 96-7663.)

Most recently, Greer filed a § 2244 application in 2009 seeking leave to raise claims based on his discovery in 2006 of records purportedly showing that he was improperly charged with the same crimes, arrested, tried, convicted, and sentenced in two other cases all on the same day—i.e., January 1, 1979. He also asserted that he could not have committed these crimes because he was incarcerated in Illinois for a period including that date. We denied that application because Greer was not eligible to proceed with a second or successive habeas petition under either § 2244 or the law previously in effect. (C.A. No. 09-2820, Feb. 17, 2010.) Among other things, the records on which Greer relied do not show separate convictions, and he was actually convicted of crimes he committed in Pennsylvania after being released from prison in Illinois.

Despite that ruling, Greer filed in the District Court a habeas petition raising these claims in 2013, and the District Court dismissed it as an unauthorized second or successive petition. Greer filed a Rule 59(e) motion seeking reconsideration of that ruling, and then filed with this Court the mandamus petition at issue here. The only potentially available relief he sought in this Court was an order directing the District Court to rule on his Rule 59(e) motion. The District Court has since denied that motion, so Greer's mandamus petition is moot to that extent.

At the Clerk's direction, Greer filed a response on the issue of possible mootness, and that response raises two other arguments. First, Greer argues that the District Judge's rulings in this case and in the past demonstrate bias. Second, Greer argues the merits of

2

his claims and challenges the District Court's dismissal of his petition. These arguments do not state a basis for mandamus relief because there is no longer any pending proceeding from which the District Judge might be disqualified and because mandamus is not available "where relief may be obtained through an ordinary appeal." In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2012) (quotation marks omitted).

These arguments do raise the question whether we should construe Greer's response as a notice of appeal from the District Court's denial of his Rule 59(e) motion, but we decline to do so. The District Court entered its order on August 12, 2013, and Greer dated his response September 16, 2013, so even using that date the response would be untimely if treated as a notice of appeal. See Fed. R. App. P. 4(a)(1)(A); see also Bowles v. Russell, 551 U.S. 205, 213-14 (2007) (holding that the 30-day deadline to appeal set forth in 28 U.S.C. § 2107(a) is jurisdictional). The District Court's ruling also is indisputably correct because we did not authorize Greer to file his petition and the District Court was thus obligated to dismiss it or transfer it to this Court for consideration under § 2244. See Robinson v. Jeffers, 313 F.3d 128, 139 (3d Cir. 2002). Greer's petition raises nothing that would warrant revisiting our denial of his previous § 2244 application even if we could do so. See 28 U.S.C. § 2244(b)(3)(E). The District Court rulings of which Greer complains also display no discernable bias or apparent partiality.

For these reasons, Greer's mandamus petition will be denied. Greer's motions for other relief are denied as well.

3