NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4384
_____

JAMES M. SINGER,
                                Appellant

v.

BUREAU OF PROFESSIONAL AND OCCUPATIONAL
AFFAIRS, STATE BOARD OF PSYCHOLOGY;
FRANK MONACO; JOHN D. KELLY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-12-cv-00527)
District Judge:  Hon. A. Richard Caputo
_____

Submitted under Third Circuit LAR 34.1(a)
June 14, 2013

Before:  McKEE, Chief Judge, and AMBRO and GREENBERG, Circuit Judges

(Opinion Filed:  June 19, 2013)
_____

OPINION OF THE COURT
_____


GREENBERG, Circuit Judge.

        This matter comes on before this Court on an appeal from an order of the District

Court entered on November 21, 2012, granting a motion by defendants, the Pennsylvania

Bureau of Professional and Occupational Affairs, State Board of Psychology ("Board"), Frank Monaco, and John D. Kelly, seeking an order dismissing this action brought under 42 U.S.C. § 1983 on the grounds that the action is barred by the applicable statute of limitations. Plaintiff James M. Singer brought this action against the Board, Monaco, a retired senior officer of the Pennsylvania state police who was involved in investigative work for the Board, and Kelly, counsel to the Board, making allegations that their unconstitutional acts before and up to 1992 resulted in the Board's suspension of Singer's license to practice psychology in Pennsylvania. Singer further alleges that the activities of state actors since that time have continued to cause his license to be suspended thereby causing him ongoing damage.

Defendants moved in the District Court for an order of dismissal of the complaint on the ground that the action is barred by the statute of limitations. The District Court, though recognizing that a defendant ordinarily must raise a statute of limitations defense in its answer, see Fed. R. Civ. P. 8(c)(1), nevertheless also recognized, citing Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002), that a defendant may raise a statute of limitations defense by a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it is apparent on the face of the complaint that the action is barred. In this case the Court held that it was apparent on the face of the complaint that the statute of limitations barred the action so it granted the motion and entered the order of dismissal on November 21, 2012, from which Singer appeals.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and we have jurisdiction under 28 U.S.C. § 1291. We are exercising plenary review on this appeal.

The District Court set forth the background of the case in its opinion and we will not repeat what it said at length. It is sufficient to point out that Singer had been a licensed psychologist in Pennsylvania until 1992, at which time the Board suspended his license in administrative proceedings. Since 1992 Singer unsuccessfully has sought to have his license reinstated both by bringing numerous legal actions and by making entreaties to various state authorities, including the offices of governors of Pennsylvania.

Section 1983 does not include a statute of limitations. Rather, courts borrow a section 1983 statute of limitations from similar state laws, here undoubtedly the personal injury law of Pennsylvania. Accordingly, if Singer only was challenging his original suspension, the statute of limitations, being two years in Pennsylvania for personal injury actions, surely would bar this case. See Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

Singer seeks to avoid the bar of the statute of limitations by claiming that defendants continuously have violated his rights in ways that have injured him on an ongoing basis so that the two-year limitations period should be deemed to have started within the two years before he filed this action. We do not doubt that, as defendants acknowledge, the courts sometimes recognize that there is an equitable exception to the statute of limitations for continuing violations. See Cowell v. Palmer Twp., 263 F.3d

3

286, 292 (3d Cir. 2001). But the continuing violation doctrine cannot apply here. The Board suspended Singer's license 20 years ago and the ongoing harm that he has suffered is traceable to that suspension. Therefore, the statute of limitations is a defense to this action. If the law permitted a different result, then in the not unusual situation in which a personal injury plaintiff is suffering on an ongoing basis from injuries caused by an accident, he could sue far beyond the limitations period measured from the time of the accident to seek compensation for those injuries.

An examination of Singer's complaint supports our result. On page 7 of the complaint in a section called "Continuing Nature of the Conduct by defendants," Singer sets forth that he sought relief by contacting the Office of the Governor of Pennsylvania to challenge the suspension proceedings against him but his efforts proved to be fruitless. Thus, he believes that the effect of his suspension and the "oppression" he has suffered have continued on an ongoing basis so that he believes that defendants' statute of limitations defense must fail even though the harm that Singer claims he suffered can be traced to his license suspension more than 20 years ago. In this regard he goes on to say that the Board's "refusal, for 25 years, to reinstate [his] license to practice psychology, constitutes an ongoing violation of his Constitutional rights" causing him an estimated $100,00 a year loss for 25 years totaling $2,500,000. Complaint at 9. He repeats this language with respect to 25 years of wrongdoing and losses five times in five different claims on different theories or claims against different defendants.

4

If we held that the continuous violation saved Singer's complaint from a statute of limitations defense, we effectively would set a precedent that would eliminate that defense in many types of cases. After all, a person seeking redress for injuries he has suffered and is continuing to suffer easily could plead his case so that the continuing violation doctrine would save it from a statute of limitations defense, as many injuries have ongoing consequences. We surely will not reach such a result.

The order of November 12, 2012, will be affirmed.