**James M. SINGER, Appellant**

v.

**BUREAU OF PROFESSIONAL & OCCUPATIONAL AFFAIRS; State Board of Psychology; Frank Monaco; John D. Kelly; John Pifer; Sally Ulrich; John Gillespie; FBI Agent Harris.**

No. 14–2970.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 21, 2016.

Opinion filed: May 3, 2016.

James M. Singer, Wheeling, WV, pro se.

Before: AMBRO, GREENAWAY, JR. and GARTH, Circuit Judges.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

OPINION *

PER CURIAM.

Appellant James Singer had his license to practice psychology suspended in 1992. Since that time, he has repeatedly—and unsuccessfully—sought to have his license reinstated and to have certain institutions, boards, and individuals held accountable for what he believes was an unlawful suspension. In 2013, Singer filed his seventh civil rights complaint pursuant to 42 U.S.C. § 1983 alleging "continuing violations" of his constitutional rights stemming from the suspension. The District Court dismissed the complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). This appeal ensued. Because we find the appeal to be meritless, we will affirm.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of the complaint under § 1915(e)(2)(B)(i) & (ii) is plenary. *See Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000).[1]

We agree with the District Court that Singer's claims against the first four named defendants are barred by the principles of res judicata, or claim preclusion, which apply when there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus., Inc.,* 746 F.2d 977, 983 (3d Cir.1984); *see also In re Montgomery Ward, LLC,* 634 F.3d 732, 736–37 (3d Cir. 2011). Singer previously sought relief against these defendants for the same or similar actions. *See Singer v. Bureau of Prof'l & Occupational Affairs,* 523 Fed.

---

1. Inasmuch as we are writing primarily for the parties, we need not set forth the factual or procedural background of this case in detail.

Appx. 185, 187 (3d Cir.2013); *see also CoreStates Bank, N.A. v. Huls Am., Inc.,* 176 F.3d 187, 194 (3d Cir.1999) (noting that res judicata applies to claims that *could have been raised* in a prior proceeding). Contrary to Singer's contention, the fact that the claims were previously dismissed as time-barred does not prevent application of claim preclusion. *See Plaut v. Spendthrift Farm, Inc.,* 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.").

Singer's claims against Sally Ulrich, John Gillespie, and Agent Harris are barred by Pennsylvania's two-year statute of limitations. *See* 42 Pa. Cons.Stat. § 5524(1); *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (forum state's statute of limitations for personal injury actions applies to § 1983 actions). Singer failed to plead a continuing violation sufficient to invoke an equitable exception to the requirement of timely filing. *See Cowell v. Palmer Twp.,* 263 F.3d 286, 292 (3d Cir.2001); *see also O'Connor v. City of Newark,* 440 F.3d 125, 129 (3d Cir.2006) (the "statute of limitations begins to run at the time the claim accrues, and [ ] time-barred claims cannot be resurrected by being aggregated and labeled 'continuing violations.' "). He maintains that there are continuing violations "related to retaliation to cover up child abuse that [he] reported"; however, he failed to plead facts to support this allegation. As we noted in our decision upholding the dismissal of his sixth § 1983 action, "[t]he Board suspended Singer's license 20 years ago and the ongoing harm that he has suffered is traceable to that suspension." *Singer,* 523 Fed.Appx. at 187. His allegation that "[d]efendants continue to use their position to commit official oppression to persecute [Singer] for exercising his constitutional rights" and his references to "fraudulent concealment and RICO violations by [the] government" and "[n]ew continuing violations, related to different parties committed [sic] different violations" are vague and do not relate to any specific defendant. Although he claims "recent continuing violations by Gillespie, Harris[,] and Ulrich confirm additional retaliation which specifically relates back to the beginning of all violations," the most recent of these allegations is 2010, more than two years before the filing of the complaint.

Finally, the allegations against John Pifer, said to occur within the statute of limitations, fail to state a claim for relief. Singer merely states that Pifer, a Pennsylvania State Police (PSP) officer, contacted Dorothy Cotter, an individual Singer knew, and informed her that the PSP were searching for Singer because he had allegedly made "threats." Singer maintains that Pifer should have investigated the incident further after Cotter informed him that Singer had "reported child abuse, but the child abuse was covered up, like Penn State." Singer does not explain how this conversation, which occurred in 2011, "direct[ly] result[ed]" in the "loss of income from his profession of choice." Without more, there is no stated cause of action against Pifer. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (A plaintiff must supply "enough facts to state a claim to relief that is plausible on its face.").

In light of the fact that Singer's claims against all of the defendants were indisputably unsuccessful, we find no error with the District Court's decision to dismiss the complaint with prejudice. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 112–

13 (3d Cir.2002). We will therefore affirm the judgment of the District Court.