NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3450
_____

RODNEY O. MCINTOSH,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-17-cv-01255)
District Judge: Honorable Yvette Kane
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 9, 2018

Before: RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: March 14, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Rodney O. McIntosh is a federal inmate confined at the United States Penitentiary, Lewisburg, Pennsylvania. He appeals from an order of the United States District Court for the Middle District of Pennsylvania dismissing his 28 U.S.C. § 2241 habeas petition. We will affirm the judgment of the district court.

McIntosh's § 2241 petition concerns his criminal case in the United States District Court for the District of Kansas (D. Kan. 11-cr-20085). In 2011, McIntosh was charged with nine violations of 18 U.S.C. § 111(a)(1) (forcible assault involving physical contact with a government employee). Following a jury trial, he was acquitted of one count and was found guilty of the remaining eight counts. The sentencing court imposed an aggregate term of 144 months. The Court of Appeals for the Tenth Circuit affirmed the conviction and sentence. In 2015, McIntosh filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Among other things, McIntosh raised claims relating to the jury instructions on the elements of § 111(a)(1). In 2016, the sentencing court considered the merits of McIntosh's arguments but denied the § 2255 motion. The Tenth Circuit denied a certificate of appealability and dismissed McIntosh's appeal.

In July 2017, McIntosh filed his § 2241 habeas petition in the district court. McIntosh stated that the indictment charged him with violating 18 U.S.C. § 111(a)(1)--forcible assault involving physical contact—but the element of forcible assault was never submitted to the jury. Thus, McIntosh contested the constitutionality of his conviction and sentence, and he sought to be released from incarceration. The district court dismissed McIntosh's § 2241 habeas petition, stating that McIntosh had failed to show that § 2255 provided an "inadequate or ineffective" remedy within the meaning of

2

§ 2255(e)'s savings clause. The district court noted that its dismissal was without prejudice to McIntosh seeking authorization to file a second or successive § 2255 motion in the sentencing court. McIntosh filed a motion for reconsideration, which the district court considered and denied.

McIntosh appeals. The parties were notified that the appeal would be submitted for possible summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

As explained by the district court, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can seek habeas relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). A § 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, Okereke, 307 F.3d at 120, or because the sentencing court does not grant relief, Cradle, 290 F.3d at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an

3

intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

McIntosh has not shown that such a circumstance exists in his case. In his motion for reconsideration, McIntosh asserted that § 2255 affords an inadequate remedy in light of the Tenth Circuit Court of Appeals' adverse decision in his § 2255 proceeding concerning his jury instruction claim. However, McIntosh cannot show the inadequacy of § 2255 relief by relying upon the adverse outcome of the proceedings on his § 2255 motion; instead, he must demonstrate a limitation of scope or procedure preventing a full adjudication of his claim under § 2255. See, e.g., Cradle, 290 F.3d at 538-39. Here, it is clear that McIntosh already has had an opportunity to challenge the legality of his conviction under § 2255 with respect to the submission of elements of the indictment to the jury. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative." Id. at 538. McIntosh's unsuccessful pursuit of § 2255 relief on the same or similar jury charge claim does not now render the § 2255 remedy inadequate or ineffective for purposes of pursuing § 2241 relief.

Because McIntosh's § 2241 habeas petition failed to satisfy § 2255(e)'s safety valve provision, the district court lacked jurisdiction to consider it, and dismissal of the petition was appropriate. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002). We find that no substantial question is presented by this appeal. Accordingly, we will affirm the judgment of the District Court. See Third Circuit LAR 27.4; I.O.P. 10.6.