DLD-155-E                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1556
_____

IN RE:  MICHAEL J. PENDLETON,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-18-cv-00044)
District Court Judge: Honorable Keith A. Pesto

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 16, 2018
Before:  JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: March 23, 2018)
_____

OPINION[*]
_____

PER CURIAM

     Michael Pendleton petitions for a writ of mandamus pursuant to 28 U.S.C. § 1651.

Pendleton asks this Court to compel the District Court of the Western District of

Pennsylvania to issue a preliminary injunction preventing the Alleghany County District

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding
precedent.

Attorney's Office from retrying or resentencing Pendleton relating to a 1999 conviction. For the following reasons, we will deny the petition.

Pendleton is currently serving a prison sentence at the State Correctional Institution in Somerset, Pennsylvania, as a result of a conviction in the Allegheny County Court of Common Pleas. Pendleton's sentence was recently vacated, and he is scheduled for a resentencing hearing on April 11, 2018.

In January 2018, Pendleton filed a civil rights action in the District Court for the Western District of Pennsylvania, and a motion for a preliminary injunction seeking to prevent the Alleghany County Districts Attorney's Office from retrying or resentencing him. The Magistrate Judge issued a Report and Recommendation (R&R), recommending that the case be dismissed for lack of jurisdiction as a second or successive habeas petition. The Magistrate Judge found that Pendleton's complaint should properly be construed as a habeas petition, "[s]ince the relief that the pleading seeks is a release from confinement and a ban on being prosecuted." Dkt # 4, at 3. Since Pendleton has filed multiple habeas petitions, Pendleton was required to gain authorization from this Court before filing a successive petition. See 28 U.S.C. § 2244(b)(3)(A). As he did not obtain such authorization, the Magistrate Judge concluded that the District court lacked jurisdiction. See Burton v. Stewart, 549 U.S. 147, 153 (2007); Robinson v. Johnson, 313 F.3d 128, 139–40 (3d Cir. 2002). Pendleton then submitted a second motion seeking an immediate preliminary injunction. On March 1, 2018, the Magistrate Judge issued an order denying Pendleton's motion. On March 13, 2018, Pendleton filed the present

mandamus petition, requesting that the District Court be compelled to issue the requested injunction.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). Notably, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997), abrogated on other grounds, Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100 (2009); In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

Pendleton has failed to show that he has no other adequate means to challenge the denial of his motion for a preliminary injunction. Any claims of error regarding the Magistrate Judge's order can be set forth in an appeal to the District Court, and once the District Court enters a final judgment Pendleton may appeal that as well if the result is not in his favor. Mandamus is not a substitute for an appeal, so we will deny Pendleton's mandamus petition.