CLD-247                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1893
_____

STEVEN ADDLESPURGER,
                                                        Appellant,
v.

DAVID WECHT; SUPERIOR COURT OF PENNSYLVANIA;
SUPREME COURT OF PENNSYLVANIA;
COMMONWEALTH OF PENNSYLVANIA;
KIMBERLY BERKELEY CLARK;
DOMESTIC RELATIONS SECTION OF ALLEGHENY COUNTY;
PATRICK QUINN; EUGENE STRASSBURGER;
KATE FORD ELLIOTT; PAULA FRANCISCO OTT;
CORREALE STEVENS; JOHN BENDER; SUSAN PEIKES GANTMAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 16-cv-01157)
District Judge: David S. Cercone
_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 21, 2018

Before:  CHAGARES, GREENAWAY, JR. and FUENTES, Circuit Judges

(Opinion filed: June 27, 2018)
_____

OPINION*
_____

PER CURIAM

Steven Addlespurger appeals from an order of the District Court dismissing his amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will summarily affirm.

On August 1, 2016, Addlespurger filed a pro se civil rights action, 42 U.S.C. §§ 1983, 1985, and 1986, in the United States District Court for the Western District of Pennsylvania, which he later amended. The suit also alleged common law torts. In his amended complaint, Addlespurger sued Pennsylvania state court judges David Wecht, Kimberly Berkeley Clark, Eugene Strassburger, Kate Ford Elliott, Paula Francisco Ott, Correale Stevens, John Bender, and Susan Peikes Gantman; the Superior Court of Pennsylvania; the Supreme Court of Pennsylvania; the Commonwealth of Pennsylvania; the Domestic Relations Section of the Allegheny County Court of Common Pleas; and Patrick Quinn, an administrator for the Family Division of the Court of Common Pleas, in connection with his child support and equitable distribution case.

In the main, Addlespurger contended that, between 2004 and 2009, certain of the defendants violated his federal constitutional rights by paying his ex-wife's attorney fees from funds he paid toward child support, resulting in his incarceration at times for failure to pay child support. He contended specifically that defendant Quinn was motivated professionally to maximize the amount of money collected by Child Support Enforcement because that money resulted in higher incentive payments from the federal government under Title IV-D of the Social Security Act. He also contended that Judge Wecht, who issued most of the child support orders, refused to recuse himself from the

2

case once he became a Superior Court judge[1] and that his colleagues failed to have him recused. Addlespurger sought money damages only.

The defendants moved to dismiss the amended complaint as time-barred because all of the events giving rise to Addlespurger's claims occurred prior to August 1, 2014. In the alternative, the defendants argued defenses based on the Eleventh Amendment and absolute judicial immunity from a civil rights suit for damages. In an order entered on March 21, 2018, the District Court granted the defendants' motion and dismissed the amended complaint pursuant to Rule 12(b)(6). The Court held that the amended complaint was barred by the Eleventh Amendment, that Addlespurger's claims were barred by the applicable two-year statute of limitations, and that the judicial defendants were absolutely immunized from suit. The Court extended quasi-judicial immunity to defendant Quinn because his actions were undertaken as official actions of the Domestic Relations Section and/or pursuant to Justice Wecht's or Judge Clark's orders.

Addlespurger appeals. The appellees have filed a motion for summary affirmance pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6. Addlespurger has submitted a response in opposition. In that response, he argues that Haybarger v. Lawrence County Adult Probation & Parole, 551 F.3d 193, 198 (3d Cir. 2008), which holds that the receipt of federal funds under Title IV-D of the Social Security Act, 42 U.S,C. § 651, by the Domestic Relations Section of the Fifty-Third Judicial District resulted in a waiver of Eleventh Amendment immunity under the Rehabilitation Act, should apply to his case because the Domestic Relations Section of the Allegheny County Court of Common

---

[1] The Honorable David Wecht is now a justice of the Supreme Court of Pennsylvania.

3

Pleas receives federal funding through Title IV-D as an incentive to collect child support. He further argues that Judge Wecht was required to recuse from his appeal to the Pennsylvania Superior Court under the United States Supreme Court's decision in Williams v. Pennsylvania, 136 S. Ct. 1899 (2016) (Pennsylvania Supreme Court justice, who as district attorney gave approval to seek death penalty, violated due process by not recusing himself and participating in decision to reinstate prisoner's death sentence),

We will grant the appellees' motion and summarily affirm because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. We may affirm the judgment of the District Court on any basis which finds support in the record. See Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

A Rule 12(b)(6) motion tests the sufficiency of the factual allegations contained in the amended complaint. See Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although factual averments must be accepted as true, legal conclusions are disregarded. See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). A statute of limitations defense may be raised in a motion to dismiss where the defense is apparent on the complaint's face. See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).

Addlespurger's amended complaint is barred against all of the defendants because his claims are based on events which occurred more than two years before he filed the

4

instant civil action. Addlespurger's §§ 1983 and 1985 claims and common law torts are subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Bougher v. University of Pittsburgh, 882 F.2d 74, 78 (3d Cir. 1989); 42 Pa. Cons. Stat. Ann. § 5524. Section 1986 has a one-year limitation period. 42 U.S.C. § 1986. Here, the alleged co-mingling by the Family Court defendants of child support funds and attorney fees payments occurred "between July 30, 2004, and July 10, 2009," Amended Complaint, ¶ 27, and thus well before August 1, 2014. With respect to Addlespurger's allegation that Judge Wecht was assigned to serve on a Superior Court panel hearing his appeal in December, 2012, and that he should have recused, id. at ¶¶ 74-75, the appeal was quashed on December 13, 2013, see Addlespurger v. McVey, No. 1975 WDA 2012 (Pa. Super. Ct. Dec. 13, 2013), and thus well before August 1, 2014 (*and* the Superior Court's Memorandum Opinion indicates that Judge Wecht did not participate in the consideration or decision of the appeal). Hence, all the defendant judge's activities – Judge Wecht's alleged failure to recuse from the appellate panel and the other Superior Court Judges' alleged failure to force him off the panel – also occurred more than two years before this federal civil rights action was filed.

The only events identified by Addlespurger that took place after August 1, 2014 pertain to his request for and petition seeking an audit of the money dispersed in his family court case. In a December 18, 2015 Order, Judge Clark denied Addlespurger's request for an independent audit, but she ordered that he be provided with a copy of an internal audit, an eight-page Case Financial Summary and Statement of Arrears. Amended Complaint, at ¶ 98. Addlespurger claimed that this financial summary did not

5

explain how the relevant amounts were calculated for equitable distribution, child support, and attorney fees, and that this was done intentionally to cover up the prior improprieties.  This event did not, however, give rise to Addlespurger's civil rights claims.  A "cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based."  Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).  Addlespurger knew of the injuries upon which his civil rights claims were based well before August 1, 2014, and the Case Financial Summary and Statement of Arrears provided to him after August 1, 2014 was nothing more than additional evidence, if that, in support of his claims.

In addition, we agree with the District Court that no facts or circumstances warrant equitable tolling of the statute of limitations. The federal doctrine of "equitable tolling stops the statute of limitations from running when the date on which the claim accrued has already passed."  Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000) (citation omitted). Equitable tolling is appropriate where: (1) a defendant actively misleads a plaintiff with respect to his cause of action; (2) the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) the plaintiff asserts his claims in a timely manner but has done so in the wrong forum.  Id. at 370 n.9.  Addlespurger is an experienced pro se litigant who was not misled or prevented from asserting his claims in a diligent fashion; his bald assertion of a "cover-up" is an insufficient basis for tolling the limitations period.

Because we affirm on this basis, we need not address Addlespurger's argument that the receipt of federal funds earmarked specifically for child support enforcement

6

results in a waiver of Eleventh Amendment immunity in his case, see Haybarger, 551 F.3d at 197, 200-02.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Addlespurger's amended complaint.