**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3699
_____

SHAN CHILCOTT,
                              Appellant

v.

ERIE COUNTY PRISON;
CITY OF ERIE PA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-17-cv-00341)
Magistrate Judge:  Honorable Richard A. Lanzillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2019

Before:  CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 17, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Shan Chilcott appeals the dismissal of his action for failure to state a claim.  For

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the following reasons, we will affirm.

Chilcott brought suit against the City of Erie and Erie County Prison (collectively, Appellees) pursuant to 42 U.S.C. § 1983, alleging that he was subject to a "campaign of abuse" during his incarceration. According to Chilcott's complaint, his suit is based on five separate incidents. Dkt. #4. The first incident involved a nurse at Erie County Prison taking Chilcott's blood in 1998. Chilcott alleged the nurse used the same needle on a prior inmate, which resulted in Chilcott contracting Hepatitis C. The second incident involved two prison guards at Erie County Prison forcing Chilcott to sign the deed of his house over to the sister of one of the guards. The third incident involved unnamed individuals who allegedly searched Chilcott's house on behalf of the City of Erie and confiscated several guns without a warrant or due process. The fourth incident in Chilcott's complaint alleges that an Erie Sheriff used a Taser on him and forced him into small handcuffs sometime in 2014. Finally, the fifth incident in the complaint alleges that the work release program at the Erie County Prison does not allow disabled people to participate. Chilcott alleges a "Mr. Mallory" told him this in October of 2017.

In response to the complaint, Appellees filed separate motions to dismiss, arguing, inter alia, that Chilcott's claims were barred by the relevant statute of limitations, res judicata, and/or a lack of administrative exhaustion.[1] The Magistrate Judge[2] took judicial

---

[1] Although statute of limitations and res judicata are affirmative defenses, they can be asserted on a motion to dismiss. See Adams v. Gould Inc., 739 F.2d 858, 870 n.14 (3d Cir. 1984).

[2] The parties consented to adjudication before a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

notice of previous lawsuits filed by Chilcott—lawsuits he referenced in his complaint under incident two, three, and five—and used them as the basis for applying the doctrine of res judicata.[3]  Additionally, the prior lawsuits helped the Magistrate Judge determine when these incidents occurred, as Chilcott's complaint did not explicitly state this information for all of his claims.  After reviewing the pertinent information, the Magistrate Judge granted the motions to dismiss, finding that Chilcott's claims were barred by the relevant statute of limitations, res judicata, a lack of administrative exhaustion, or a combination of the three, and dismissed the complaint with prejudice.  Chilcott timely appealed.

We have jurisdiction over the appeal of the Magistrate Judge's order.  See 28 U.S.C. §§ 636(c)(3), 1291.  We review the grant of the motions to dismiss pursuant to Rule 12(b)(6) de novo.  Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).  "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'"  Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Furthermore, "a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense."  Schmidt, 770 F.3d at 248.  We accept all factual allegations in the complaint as true and construe those facts in the light

---

[3] These previous lawsuits are matters of public record.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (noting, when deciding a motion to dismiss, courts may consider matters of public record).

3

most favorable to the plaintiff.  Fleisher, 679 F.3d at 120.

In his brief on appeal, Chilcott does not challenge the Magistrate Judge's determination that incident two (involving the deed of his house) was barred by the applicable statute of limitations and the doctrine of res judicata.  Chilcott also does not challenge the Magistrate Judge's finding that incident five (alleging the prison work release program does not allow disabled people to participate) was barred due to his failure to exhaust his administrative remedies.  Consequently, we are inclined to view Chilcott's brief—which sets forth neither of these issues addressed by the Magistrate Judge and contains no citation to authority or the record—as effectively waiving any challenge to the Magistrate Judge's rulings on these matters.[4]  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that if an appellant fails "to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief" those issues are normally deemed "abandoned and waived . . . on appeal and [they] need not be addressed by the court of appeals").

Turning to those issues that are before us, we agree with the Magistrate Judge that incidents one, three, and four are barred by the statute of limitations.[5]  Here, the applicable statute of limitations is two years.  See Kach v. Hose, 589 F.3d 626, 634 (3d Cir.

---

[4] While we construe Chilcott's pro se filings liberally, this policy does not prevent us from applying the waiver doctrine to his pro se appeal.  See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam); Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998).

[5] Since this determination is dispositive of the appeal, we need not address the applicability of the doctrine of res judicata as to these issues.

2009); 42 Pa. Cons. Stat. § 5524.  As noted by the Magistrate Judge, incident one (involving the infected needle) occurred in 1998.  Incident three (the alleged confiscation of Chilcott's firearms) took place in 2010.[6]  Incident four (where the Erie Sheriff tasered and handcuffed Chilcott) took place in 2014.  Because Chilcott's action was commenced at the earliest on December 18, 2017—well outside the applicable two-year statute of limitation for any of these incidents—we agree with the Magistrate Judge's dismissal of Chilcott's claims, as it is apparent from the face of his complaint that his claims are time-barred.  See Schmidt, 770 F.3d at 249.

On appeal, Chilcott argues that the statute of limitations should be tolled as to incident one, because he did not discover he was infected with Hepatitis C until years later.  "[A] cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based."  Kach, 589 F.3d at 634 (internal quotation marks omitted).  Determining when a claim accrues is an objective inquiry: "we ask not what the plaintiff actually knew but what a reasonable person *should have known*."  Id. (emphasis added).  Here, in his response to Erie County Prison's motion to dismiss, Chilcott indicated that he knew the inmate who had blood drawn before him "was sick," but that he did not specifically know that the inmate had Hepatitis C.  Dkt. #30.  Further, he noted that he "got tested upon release" for AIDS, because that was what Chilcott was afraid of contracting.  Dkt. #30.  Thus, even if Chilcott

---

[6] As noted above, this incident was the subject of a prior lawsuit, which indicated that this incident took place in July of 2010.  Suppl. App. at 5.

did not know *specifically* that he was infected with Hepatitus C until years later, his actions nevertheless indicate that he was aware that *an injury had occurred when he was exposed* to the infected needle in 1998. See Kach, 589 F.3d at 634; Schmidt, 770 F.3d at 251–52 (noting, where a court entertains a motion to dismiss on statute of limitations grounds, a plaintiff is not required to plead facts sufficient to overcome such an affirmative defense; however, dismissal may nevertheless be appropriate when the plaintiff effectively alleges facts sufficient to establish the defense).

Chilcott also argues on appeal that incident three (the confiscation of his firearms) and incident four (the tasering/handcuff incident) are related. He appears to argue that, because these two incidents are related, and that incident four happened less than two years from the time he filed one of his previous lawsuits related to incident three, he has somehow preserved both claims for consideration in his current suit. See Appellant's Br. 4–5. Even if these two incidents were related, Chilcott very clearly indicated in his complaint that incident four occurred in 2014, which is more than two years from the date his current action was commenced (December 18, 2017). See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (noting a statute of limitations defense may serve as the basis for a dismissal under Rule 12(b)(6) when the time-bar is apparent on the face of the complaint).

Accordingly, for all of the foregoing reasons, we will affirm the Magistrate Judge's judgment. Furthermore, given the circumstances of this case, including the fact that Chilcott has previously brought suits based on several of the incidents in his complaint, the Magistrate Judge did not err in finding that any further amendment would be

6

futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).  We

grant the City of Erie's motion for leave to file its supplemental appendix.