ALD-166                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1158
_____

CHARLES AARON BROOKS,
Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00302)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2021
Before:  MCKEE, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed June 25, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Charles Aaron Brooks appeals from the District Court's dismissal of his habeas petition filed under 28 U.S.C. § 2241. We will affirm.

In 1996, a jury in the Eastern District of Pennsylvania found Brooks guilty of conspiracy to commit armed robbery (18 U.S.C. § 371), and several counts each of armed bank robbery (18 U.S.C. § 2113(d)) and using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)). See United States v. Brooks, E.D. Pa. Civ. No. 95-cr-00564. Brooks was sentenced to 45 years of imprisonment on the § 924(c) counts, consecutive to a term of 262 months on the remaining counts. We affirmed in 1998. Brooks's post-conviction history is extensive. As relevant here, in 2001, Brooks filed a motion to vacate under 28 U.S.C. § 2255. The sentencing court denied relief, and we denied his request for a certificate of appealability in 2002. Since then, Brooks has made numerous attempts to pursue a second or successive § 2255 motion.[1] We denied his most recent application in C.A. No. 20-3095.

Meanwhile, in February 2019, Brooks filed his § 2241 habeas petition in the Middle District of Pennsylvania, the district of his confinement at the Federal Correctional Complex-Allenwood. He asserted four grounds: (1) actual innocence of his firearms convictions under Bailey v. United States, 516 U.S. 137 (1995), because the Government failed to show that he used, carried, or brandished a firearm for purposes of

---

[1] In 2019, we granted Brooks's application under 28 U.S.C. §§ 2244(b)(3) and 2255(h) for leave to file a second or successive § 2255 motion raising a vagueness challenge to his § 924(c) convictions (C.A. No. 16-2352). Ultimately, the sentencing court denied

2

§ 924(c)(1); (2) the Government's failure to demonstrate an essential element of bank robbery, namely, that the banks he robbed had deposits insured by the Federal Deposit Insurance Corporation (FDIC); (3) the Government's submission of false evidence of the banks' FDIC insured status; and (4) a Confrontation Clause violation under Bruton v. United States, 391 U.S. 123 (1968), concerning the confession of a non-testifying co-defendant.  Brooks sought relief including reversal or vacation of the judgment, dismissal of the indictment, a new trial, or acquittal.  The Government filed a response, arguing that the District Court lacked § 2241 habeas jurisdiction because Brooks's § 2255 remedy had not been rendered "inadequate or ineffective" to trigger § 2255's savings clause, § 2255(e).

The District Court dismissed Brooks's § 2241 habeas petition for lack of jurisdiction because a § 2255 motion in the sentencing court was the appropriate vehicle to raise his challenges to his conviction.  Further, the District Court determined that Brooks failed to show that § 2255 provided an inadequate or ineffective remedy to allow for consideration of his claims under § 2241.  Brooks filed a motion for reconsideration and raised additional claims that he was denied the right to cross-examine a co-conspirator, that a superseding indictment was not signed by the grand jury, and that the sentencing court should have granted a downward departure due to his mental illness. The District Court considered and denied relief on the motion for reconsideration.

relief, and we denied a certificate of appealability in 2020 (C.A. No. 20-1494).

Brooks appeals. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). The parties were notified that the appeal would be submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B) and for possible summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. Brooks has filed several documents in support of his appeal, which we have considered in rendering our decision.[2] We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A habeas corpus petition under § 2241 "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This exception is narrow and applies in rare circumstances. See In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997); see also Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Brooks has not shown that such a circumstance exists here. As the District Court stated, Brooks's claims have been previously raised or could have been previously raised on direct appeal or in his initial § 2255 motion. Brooks has not shown a limitation of

[2] Among Brooks's filings is a request for a certificate of appealability, which we deny as unnecessary. Federal prisoners do not need a certificate to appeal from the denial of a § 2241 petition. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017).

4

scope or procedure to satisfy the terms of § 2255(e).  That he already unsuccessfully pursued § 2255 relief does not now render the remedy inadequate or ineffective to allow him to proceed under § 2241.  See Cradle, 290 F.3d at 538 ("It is the inefficacy of the [§ 2255] remedy, not the personal inability to use it, that is determinative.").

Because Brooks's § 2241 habeas petition failed to satisfy § 2255(e)'s safety valve provision, the District Court lacked jurisdiction to consider it, and dismissal of the § 2241 petition was appropriate.  See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).[3]  We discern no error in the District Court's denial of Brooks's motion for reconsideration; Brooks did not satisfy the requirements for such a motion.  See Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Thus, no substantial question is presented by this appeal, and we will affirm the District Court's orders.  See Third Circuit LAR 27.4; I.O.P. 10.6.

---

[3] To the extent that Brooks's argument in support of his appeal attempts to raise new claims, including claims based on the First Step Act of 2018 and amendments to the United States Sentencing Guidelines, we will not consider those new claims here.  See In re Reliant Energy Channelview LP, 594 F.3d 200, 209 (3d Cir. 2010) (explaining that the Court will "not consider new claims for the first time on appeal") (citation omitted).