**CLD-029**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2314
_____

UNITED STATES OF AMERICA

v.

KEVIN WILLIAM SMALL,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1-06-cr-00139-001)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2022

Before: GREENAWAY, JR., MATEY, and MCKEE, <u>Circuit Judges</u>

(Opinion filed:  January 6, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kevin William Small appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania denying his motion for relief from judgment. The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In April 2021, Small, who is serving a sentence in federal prison for filing false tax returns, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on his fear of exposure to COVID-19. (ECF 193.) The District Court denied the motion. (ECF 196.) Small did not appeal. Instead, he filed a motion for relief from judgment, citing "fraud on the court." (ECF 197.) The District Court denied that motion, noting that it attacked Small's underlying conviction, not the denial of his compassionate release motion.[1] (ECF 204.) Small timely appealed.[2] (ECF 205.)

Small's motion for relief from judgment sought to challenge his underlying federal conviction. In particular, he alleged that the search warrants for his bank accounts were illegal because they authorized searches in counties that were outside the issuing judge's

---

[1] The District Court also denied Small's motion for appointment of counsel (ECF 199), a motion to amend the caption of the motion for relief from judgment (ECF 200), a renewed motion for relief from judgment (ECF 201), a motion for summary judgment (ECF 202), and another motion for compassionate release (ECF 203).

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. The District Court appeared to treat Small's motion as independent action alleging fraud upon the court. We exercise de novo review over the denial of such a motion. See Herring v. United States, 424 F.3d 384, 389-90 (3d Cir. 2005).

jurisdiction.[3]  The District Court previously rejected that argument in its order denying

Small's motion for a new trial.  (ECF 166.)  We likewise have held that Small's argument

about the search warrants did not permit the filing of second or successive § 2255

motions.  See, e.g., C.A. No. 20-2775.  Small's attempt to resurrect the argument was an

unauthorized second or successive § 2255 motion that the District Court lacked

jurisdiction to consider.  See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

Accordingly, the District Court properly rejected Small's motion for relief from

judgment.

In addition, the District Court did not err in denying Small's other motions.

Because Small did not have authorization to bring the claims in the motion for relief from

judgment, the District Court did not err in denying his counsel motion.  See Tabron v.

Grace, 6 F.3d 147, 155 (3d Cir. 1993).  There was no merit to Small's summary judgment

motion and renewed motion for relief from judgment, which simply repeated his

unauthorized challenge to his conviction.  And there was no error in the District Court's

refusal to permit Small to change the caption of the motion for relief from judgment.

Finally, the District Court correctly concluded that the use of allegedly illegal search

---

[3] In support of this argument, Small cited Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944).  That case recognized "[t]he theory that a federal court has the inherent power to vacate its own judgments when they have been procured by fraud." United States v. Washington, 549 F.3d 905, 912 (3d Cir. 2008).  We have stated, however, that "there is no long unquestioned power of federal district courts to vacate a judgment procured by fraud in the *criminal* context."  Id. at 914 (cleaned up).

warrants did not constitute an "extraordinary and compelling" basis for a sentence reduction, as Small alleged in his new motion for compassionate release. <u>See</u> U.S.S.G. § 1B1.13, Application Notes 1(A)-(D) (listing four circumstances that may qualify as extraordinary and compelling reasons for sentence reduction: an inmate's medical condition, the age of the defendant, family circumstances, and "other reasons").

For the foregoing reasons, we grant the Government's motion for summary affirmance and will summarily affirm the District Court's judgment.